STATE OF NORTH CAROLINA v. PHILLIP LANCE BENNETT

No. 117

(Filed 15 December 1971)

**1. Narcotics § 2— sale of narcotics — indictment — name of purchaser**
    An indictment charging the sale of narcotics must allege the name of the purchaser, or that his name is unknown.

**2. Narcotics § 1— unlawful possession of narcotics — allegation of time and place**
    Time and place are not essential elements of the offense of unlawful possession of narcotics; it is sufficient that the county of the offense be named in order to establish the jurisdiction of the court.

ON *certiorari* to review the decision of the Court of Appeals, reported in 12 N.C. App. 42, 182 S.E. 2d 29, which found no error in defendant's trial before *Parker, J.,* 14 January 1971 Session of NEW HANOVER.

Defendant was tried upon a bill of indictment, which charged that on 17 June 1970 in New Hanover County (1) he "unlawfully, wilfully and feloniously did possess a quantity of Narcotic Drugs, to-wit: Two (2) Tablets of Lysergic Acid Diethylamide (commonly known as LSD). . . ."; and (2) he "unlawfully and wilfully and feloniously did sell a quantity of Narcotic Drugs, to-wit: Two (2) Tablets of Lysergic Acid Diethylamide (commonly known as LSD), contrary to the form of the Statute. . . ."

The evidence for the State tended to show: On 17 June 1970, in the Town of Carolina Beach at a corner on Cape Fear Avenue adjacent to the Beachcomber, defendant had in his possession two tablets of LSD, which he sold to F. L. McKinney, an SBI undercover agent, for seven dollars.

Defendant offered no evidence.

The jury's verdict was guilty as charged upon each count. Upon the return of the verdict defendant moved in arrest of judgment "for insufficiency of the indictments." Judge Parker overruled the motions. On the count charging possession of narcotics he imposed a sentence of 4-5 years. On the count charging the sale of narcotics he imposed an identical, consecutive sentence, which he suspended for five years upon stated condi-

tions. Defendant appealed to the Court of Appeals, which found no error in the trial. We allowed certiorari.

*Attorney General Morgan; Associate Attorney Ricks for the State.*

*Harold P. Laing for defendant appellant.*

SHARP, Justice.

[1] Defendant brings forward five assignments of error. Only the fifth merits discussion. It raises the question whether the second count in the bill of indictment states facts sufficient to charge defendant with the commission of a crime. Specifically, the inquiry is: In a count charging the sale of narcotics must the indictment allege the name of the purchaser?

The rule is stated in *State v. Bissette,* 250 N.C. 514, 517-18, 108 S.E. 2d 858, 861: "Where a sale is prohibited, it is necessary, for a conviction, to allege in the bill of indictment the name of the person to whom the sale was made or that his name is unknown, *unless some statute eliminates that requirement.* The proof must, of course, conform to the allegations and establish a sale to the named person or that the purchaser was in fact unknown." (Emphasis added.)

In 1913, by N. C. Sess. Laws, Ch. 44, § 6, the General Assembly provided that in indictments charging the unlawful sale of intoxicating liquors it should not be necessary to allege a sale to a particular person. This enactment, duplicated in N. C. Sess. Laws, Ch. 1, § 16 (1923), was later codified as G.S. 18-17. (Effective October 1, 1971, G.S. 18-17 was repealed by N. C. Sess. Laws, Ch. 872, § 3 (1971).) Prior to the 1913 Act this Court had consistently held that in an indictment for selling spirituous liquors it was necessary to aver that the sale was made to some particular person or persons, or to some person or persons unknown. *State v. Blythe,* 18 N.C. 199; *State v. Faucett,* 20 N.C. 239; *State v. Stamey,* 71 N.C. 202; *State v. Pickens,* 79 N.C. 652; *State v. Tisdale,* 145 N.C. 422, 58 S.E. 998; *State v. Dowdy,* 145 N.C. 432, 58 S.E. 1002. *See also State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770; *State v. McKoy,* 265 N.C. 380, 144 S.E. 2d 46.

G.S. 90-88 (1965), the statute under which defendant stands indicted, makes it unlawful, *inter alia,* for any person to

State v. Bennett

possess or sell any narcotic, except as authorized by the Uniform Narcotic Drug Act of 1935, G.S. 90-86 to -113.7. The Act contains no modification of the common-law requirement that the name of the person, to whom the accused allegedly sold narcotics unlawfully, be stated in the indictment when it is known. Therefore, the second count in the indictment upon which defendant was tried fails to state facts sufficient to sustain his conviction. His motion to quash should have been allowed, and the judgment pronounced thereon must be arrested. We note that the Uniform Narcotic Drug Act of 1935 was rewritten as the North Carolina Controlled Substances Act by N. C. Sess. Laws, Ch. 919 (1971), to become effective 1 January 1972.

[2] As to the first count, which charges defendant with the unlawful possession of narcotics, time and place are not essential elements of the offense. The jurisdiction of the court was established by the averment that the crime occurred in New Hanover County. "[A]fter jurisdiction was established, the place of the crime became immaterial. The indictment charged the offense in a plain, intelligible and explicit manner, and contained averments sufficient to enable the court to proceed to judgment and thus bar a subsequent prosecution for the same offense." *State v. Rogers*, 273 N.C. 208, 211, 159 S.E. 2d 525, 528. In defendant's conviction upon the charge of possession of narcotics we find no error, and the judgment on that count is affirmed.

As to the second count of the bill charging the unlawful sale of narcotics, the judgment based thereon is arrested.

The decision of the Court of Appeals is

Affirmed in part;

Reversed in part.