STATE OF NORTH CAROLINA v. JACK ARNOLD McINTYRE

No. 107

(Filed 10 May 1972)

**Narcotics § 5; Criminal Law § 138— possession of marijuana — punishment statute changed pending defendant's appeal**

> A defendant whose appeal from conviction of possession of more than one gram of marijuana was pending on 1 January 1972, the effective date of the act reducing that crime from a felony to a misdemeanor, is not entitled to the benefit of the more lenient punishment provisions of the new act, since the new act contains savings clauses providing that it would apply only to violations of law "following January 1, 1972" and that prosecutions for violations of law occurring prior to that date should not be affected by its provisions. G.S. 90-113.7.

ON *certiorari*, upon petition by the State of North Carolina, to review the decision of the Court of Appeals reported in 13 N.C. App. 479, 186 S.E. 2d 207.

Defendant was tried at the May 1971 Session of ROBESON upon a bill of indictment charging that, in violation of G.S. 90-88, on 21 March 1971 he had in his "possession a certain quanity of the drug marihuana, to wit: 168 grams." He was convicted of the offense charged, a felony. Acting under G.S. 90-111, *Judge Canaday* imposed a prison sentence of 3-5 years.

The State's evidence tended to show: On the afternoon of 21 March 1971, Deputy Sheriff Hubert Stone, who had a search warrant for defendant's car and was looking for him, saw defendant driving a Toyota on Main Street in Pembroke. The officer followed the Toyota, which made several turns at intersecting streets. At a time when Stone was about 50 feet behind the Toyota, at the intersection of Pine Street and Fifth Street, defendant threw out a blue object. It landed on a lawn at the corner of Pine and Fifth. About 300 yards from that spot the officer stopped defendant and informed him he had a search warrant for his automobile. Defendant told him to go ahead and search, that he would find nothing but a pistol lying on the seat, and that was what the officer found.

Defendant was allowed to continue on his way, and Stone returned to the place where he had seen defendant throw the blue object from the Toyota. There he found a blue bank-deposit bag containing several small plastic pouches filled with vegetable matter. In the officer's opinion, the stuff was marihuana. Approximately ten minutes elapsed from the time Stone saw defendant throw out the blue bag until he picked it up on the lawn.

Immediately after finding the bag, Stone went in search of defendant. In about three minutes he found him stopped for a red light near the spot he had first seen him. Stone showed defendant the bag and told him he "would be back with a warrant" if a laboratory analysis confirmed his suspicion that the substance in the plastic was marihuana. The bag and its contents were sent to the laboratory of the State Bureau of Investigation at Raleigh for analysis and a search for fingerprints. The laboratory found that the bag contained 74.9 grams of marihuana, and that defendant's fingerprints were on the plastic bags containing the contraband. In consequence, defendant was charged with the possession of marihuana and arrested.

State v. McIntyre

Defendant offered evidence of his good character and testified that, although the sequence of events occurred as Deputy Stone stated, he did not throw anything out of the car window and had no marihuana in his possession on 21 March 1971.

Defendant appealed his conviction and sentence to the Court of Appeals. In an opinion, filed 2 February 1972 and written by Chief Judge Mallard, Judges Hedrick and Graham concurring, the Court of Appeals found no error in the trial and affirmed defendant's conviction of the crime of possessing more than one gram of marihuana, G.S. 90-111 (Supp. 1969). Citing *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698, as controlling its decision, the Court held that the North Carolina Controlled Substances Act, which became effective 1 January 1972 and reduced the mere possession of marihuana to a misdemeanor, governed the punishment in all pending prosecutions for its possession. Whereupon it reduced the 3-5-year sentence which Judge Canaday had imposed, to only six months. The State petitioned for certiorari under G.S. 7A-31(a) and (c) (3), and its petition was allowed.

*Attorney General Robert Morgan; Associate Attorney Henry E. Poole for the State.*

*John C. B. Regan III for defendant appellee.*

SHARP, Justice.

The one question presented is whether defendant's possession of marihuana on 21 March 1971 is punishable as a felony under G.S. 90-111 (Supp. 1969) or as a misdemeanor under G.S. 90-95(e) (Supp. 1971). The question was decisively answered by our decision in *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706: Defendant's crime is punishable as a felony.

In *Harvey,* as in this case, the defendant was indicted, tried and convicted under G.S. 90-88 (1965), which made illegal the possession of any quantity of marihuana. Also in effect at the time the offenses were committed was the proviso, which was incorporated into G.S. 90-111 by N. C. Sess. Laws, Ch. 970, § 3 (1969). This proviso made the possession of more than one gram of marihuana a felony, punishable by not more than five years in the penitentiary.

Both this case and the Harvey case were in the appellate division on 1 January 1972, the date on which the North

Carolina Controlled Substances Act, G.S. 90-86 to -113.9 (Supp. 1971), supplanted the Uniform Narcotic Drug Act, G.S. 90-87 to -111.2 (1965) *as amended* (Supp. 1969). The Controlled Substances Act specifically provided, however, that it would apply only to violations of law "following January 1, 1972," and that prosecutions for any violations of law occurring prior to that date should not be affected by its provisions. G.S. 90-113.7 (Supp. 1971).

We held in *Harvey* that the savings provision of the Controlled Substances Act (G.S. 90-113.7) made the decision in *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698, inapplicable to any offense committed prior to 1 January 1972 and that, as to such offenses, the Narcotic Drug Act continued in full force and effect.

Upon the authority of *Harvey,* the decision of the Court of Appeals is reversed, and the cause is remanded to that court with directions that the judgment of the Superior Court be reinstated and affirmed.

Reversed.