STATE OF NORTH CAROLINA v. HUGH McDONALD KELLY

No. 121

(Filed 16 June 1972)

Narcotics § 5; Criminal Law § 138— possession of hypodermic needle and syringe — offense changed to misdemeanor pending appeal

A defendant whose conviction of felonious possession of a hypodermic needle and syringe for the purpose of administering habit-forming drugs was pending on 1 January 1972, the effective date of the Controlled Substances Act which reduced that offense to the grade of general misdemeanor, is not entitled to have his sentence of not less than two nor more than three years reduced to a maximum of two years, since provisions of the Controlled Substances Act are prospective only.

ON *certiorari* to the North Carolina Court of Appeals to review its decision (13 N.C. App. 588) modifying and affirming judgment of *Fountain, J.,* at 1 March 1971 Session of NEW HANOVER Superior Court.

Defendant was tried on a bill of indictment which charged:

"That Hugh McDonald Kelly late of the County of New Hanover on the 29th day of January 1971 with force and arms, at and in the County aforesaid, did unlawfully, wilfully and feloniously have in his possession a hypodermic syringe or needle for the purpose of administering habit-forming drugs, and he, the said Hugh McDonald Kelly, did not have a valid certificate of a physician issued within the preceding year authorizing such possession, against the form of the statute in such case made and provided and against the peace and dignity of the State."

State v. Kelly

The indictment was drawn pursuant to G.S. 90-108 which at that time provided, *inter alia:*

"No person except a manufacturer or a wholesaler or a retail dealer in surgical instruments, pharmacist, physician, dentist, veterinarian, nurse or interne shall at any time have or possess a hypodermic syringe or needle or any instrument or implement adapted for the use of habit-forming drugs by subcutaneous injections and which is possessed for the purpose of administering habit-forming drugs, unless such possession be authorized by the certificate of a physician issued within the period of one year prior thereto; ... "

The jury returned a verdict of "guilty of the offense of possession of hypodermic needle and syringe." A prison sentence of not less than two years nor more than three years was imposed. Defendant moved to arrest judgment on the ground that the bill of indictment was insufficient. The motion was denied, and defendant appealed to the North Carolina Court of Appeals.

The Court of Appeals affirmed the trial judge's denial of the motion in arrest of judgment. However, the Court of Appeals noted that while the case was on appeal the General Assembly enacted "The Controlled Substances Act," effective 1 January 1972, which reduced the charge for which defendant was convicted to a general misdemeanor [G.S. 90-113.4(b)] and thereupon modified the judgment "to reflect the grade of offense as that of a misdemeanor and by striking the portion providing 'nor more than three (3) years,' thereby reducing the maximum period of defendant's sentence to two years imprisonment."

We allowed the Attorney General's petition for certiorari on 4 April 1972.

*Attorney General Morgan and Associate Attorney Henry E. Poole for the State.*

*H. P. Laing for defendant.*

PER CURIAM.

The Attorney General's petition for certiorari is directed only to the modification of the trial court's judgment as to

punishment. Defendant does not bring forward and argue in his brief any other assignment of error as required by the Rules of Practice in the Supreme Court, Supplementary Rule 7. Thus, the sole question presented by this appeal is whether the North Carolina Court of Appeals erred by modifying the judgment so as to reduce the grade of offense to a misdemeanor and so as to reduce the maximum period of defendant's sentence to two years' imprisonment. This question is squarely controlled by the holdings in *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706, and *State v. McIntyre,* 281 N.C. 304, 188 S.E. 2d 304.

Defendant argues that his case does not come within the holdings of *Harvey* and *McIntyre* because the Controlled Substances Act unqualifiedly reduced the offense of which he stands convicted to a misdemeanor. The Act, on the other hand, created a presumption of the felony of possession of marijuana for purpose of sale when the accused, as in *Harvey* and *McIntyre,* possesses more than five grams of marijuana. This distinction is invalid because it relates to degree of crime and punishment, rather than to the question of whether the Act is prospective. The expressed intent of the General Assembly that the provision of the Controlled Substances Act be prospective relates to the entire Act (G.S. 90-113.7). There is no indication in the Act that any particular provision shall be otherwise treated.

The decisions in *State v. Harvey, supra,* and *State v. McIntyre, supra,* require that the modification of the trial court's judgment be reversed. This cause is remanded to the North Carolina Court of Appeals with direction that the judgment of the Superior Court be reinstated and affirmed.

Reversed.