STATE OF NORTH CAROLINA v. JEFFREY S. MARTINDALE

No. 7215SC439

(Filed 28 June 1972)

Narcotics § 2— sale — indictment — name of purchaser

An indictment charging the sale of narcotics must allege the name of the purchaser or that his name is unknown.

APPEAL by defendant from *Hobgood, Judge,* at the November 1971 Session of ALAMANCE Superior Court.

Defendant was charged in a bill of indictment with two felonies, namely, (1) selling and (2) transporting a narcotic

drug, to-wit: marijuana, in a quantity of more than one gram. At the conclusion of the State's evidence the court allowed defendant's motion to dismiss the transporting count. The jury returned a verdict of guilty on the first count and from judgment imposing prison sentence defendant appealed.

*Attorney General Robert Morgan by Walter E. Ricks III, Associate Attorney, for the State.*

*John D. Xanthos for defendant appellant.*

BRITT, Judge.

Defendant contends that the first count in the bill of indictment is fatally defective for that it does not name the person to whom a sale was allegedly made and does not allege that the name of the purchaser is unknown. The contention has merit.

The first count in the indictment alleges: "That Jeffrey S. Martindale late of the County of Alamance on the 15th day of April, 1971 at and in the county aforesaid, did unlawfully, wilfully and feloniously sell a quantity of narcotic drugs, to-wit: marijuana, in a quantity of more than one (1) gram against the form of the statute in such case made and provided and against the peace and dignity of the State."

The identical question raised here was considered by the Supreme Court in the recent case of *State v. Bennett,* 280 N.C. 167, 185 S.E. 2d 147 (1971). The court stated the question thusly: "Specifically, the inquiry is: In a count charging the sale of narcotics must the indictment allege the name of the purchaser?"

The court answered the question as follows: "The rule is stated in *State v. Bissette,* 250 N.C. 514, 517-18, 108 S.E. 2d 858, 861: 'Where a sale is prohibited, it is necessary, for a conviction, to allege in the bill of indictment the name of the person to whom the sale was made or that his name is unknown, *unless some statute eliminates that requirement.* The proof must, of course, conform to the allegations and establish a sale to the named person or that the purchaser was in fact unknown.' " (Emphasis added.)

As was true in *Bennett,* the act under which defendant stands indicted (the Uniform Narcotic Drug Act of 1935, G.S.

90-86 et seq.) contains no modification of the common law requirement that the name of the person to whom the accused allegedly sold narcotics unlawfully be stated in the indictment when it is known. In *Bennett* the Supreme Court arrested the judgment based on the count of the indictment charging unlawful sale of narcotics. We cannot distinguish the case at bar from *Bennett,* therefore, the judgment appealed from is arrested.

In fairness to the able judge who presided over the trial of this case, we point out that *Bennett* was filed on 15 December 1971 subsequent to the entry of judgment in this case on 30 November 1971.

We find it unnecessary to pass upon the other contentions argued in defendant's brief.

Judgment arrested.

Judges PARKER and HEDRICK concur.