STATE OF NORTH CAROLINA v. JAMES EDWARD HORTON

No. 7215SC513

(Filed 2 August 1972)

Narcotics § 2— sale of LSD — indictment — name of purchaser — posses-sion of LSD — sufficiency of indictment

   Though the second count charging sale of LSD in each of two bills of indictment should be quashed for insufficiency where it failed to allege the name of the purchaser at the sale allegedly made by defendant, the first count of each bill charging possession of LSD was sufficient, upon defendant's plea of guilty, to support the judg-ment entered.

ON *certiorari* to review defendant's trial before *Copeland, Judge,* 3 January 1972 Session of Superior Court held in ORANGE County.

Defendant was charged in two bills of indictment, each charging (1) possession of a quantity of tablets of lysergic acid diethylamide (commonly known as LSD), and (2) the sale thereof. The charges against defendant grew out of the work of an undercover agent for the police in the town of Chapel Hill.

Defendant tendered pleas of guilty to the two counts in each of the two bills of indictment. He was represented by court appointed counsel and was found by the trial judge, upon

competent evidence, to have freely and voluntarily tendered the guilty pleas before they were allowed to be entered.

After hearing the State's evidence, the trial judge consolidated the four counts for judgment, and adjudged that defendant be imprisoned for a term of not less than two nor more than three years.

Defendant appealed.

*Attorney General Morgan by Assistant Attorney General Cole for the State.*

*Rex T. Savery, Jr., for defendant.*

BROCK, Judge.

Defendant challenges the sufficiency of the second count in each of the two bills of indictment. The second count in each bill fails to allege the name of the purchaser at the sale allegedly made by defendant. Upon the authority of *State v. Bennett,* 280 N.C. 167, 185 S.E. 2d 147, defendant's assignment of error is sustained.

Although the second count in each bill of indictment should be quashed for insufficiency, the judgment entered should not be arrested. The two sufficient counts were consolidated with the two insufficient counts for judgment. Either one of the two sufficient counts, upon defendant's pleas of guilty, supports the judgment entered. Therefore, the judgment entered will not be disturbed.

Affirmed.

Judges MORRIS and HEDRICK concur.