STATE OF NORTH CAROLINA v. ROY McLAMB

No. 8412SC200

(Filed 6 November 1984)

1. **Jury § 7.14— admission of incorrect statement by juror—refusal to permit peremptory challenge**

    The trial court erred in refusing to permit defendant to exercise a peremptory challenge to a juror who, after the jury was impaneled and the State made its opening statement, informed the court that she had made an incorrect response on *voir dire* as to whether she knew any of the State's witnesses and that she had had previous business dealings with one of the State's chief witnesses.

2. **Narcotics § 2— conspiracy to sell or deliver cocaine—failure to allege buyer's name**

    An indictment for conspiracy to sell or deliver cocaine was not fatally defective because it failed to state the name of the person to whom defendant agreed to sell cocaine or to state that such person's name was unknown.

3. **Narcotics § 5— sale or delivery—verdicts in disjunctive—ambiguity**

    Verdicts in the disjunctive finding defendant guilty of possession of cocaine with intent "to sell or deliver," "sale or delivery" of cocaine and conspiracy "to sell or deliver" cocaine were inherently ambiguous and do not support the judgments imposed.

APPEAL by defendant from *Brewer, Coy E., Judge.* Judgment entered 16 November 1983 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 18 October 1984.

Defendant was indicted for possession of cocaine with intent to sell or deliver, sale or delivery of cocaine, and conspiracy to sell or deliver cocaine. Following trial, defendant was convicted of (1) possession with intent to sell or deliver cocaine; (2) sale or delivery of cocaine; and (3) conspiracy to sell or deliver cocaine.

At trial, the state's evidence showed that William Simons, an undercover agent with the Fayetteville Police Department, arranged and carried out a purchase of cocaine from defendant. Simons was assisted in his purchase by the efforts of Mary Sue Hammonds, an acquaintance of defendant. Simons first contacted Hammonds, seeking to buy cocaine. Hammonds called defendant and arranged a purchase of cocaine from defendant, then accompanied Simons to defendant's residence where she made the purchase from defendant and delivered the cocaine to Simons.

Defendant offered no evidence. Defendant has appealed all three convictions.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant.*

WELLS, Judge.

[1] First, defendant assigns error to the refusal of the trial court to allow defendant to exercise a peremptory challenge to a juror who, after the jury was impaneled, informed the court that she had made an incorrect response on *voir dire* as to whether she knew any of the state's witnesses. The events on which this assignment is based were as follows. After the jury was impaneled and opening statements had been made by the state, but before the presentation of evidence, the trial judge indicated that a juror had admitted that she knew the state's witness Mary Sue Hammonds, stating that she had previous business dealings with Hammonds. Defendant's counsel then pointed out to the court that Hammonds was to be one of the state's chief witnesses and asked that the juror be removed for cause. After an examination by the trial court into the juror's relationship with Hammonds, this request was denied. Defendant's counsel then sought to remove the juror by exercising his last remaining peremptory challenge. This

motion was also denied. The trial court's refusal to allow defendant to exercise his peremptory challenge denied defendant a fair trial and was reversible error. *See State v. Colbert*, 311 N.C. 283, 316 S.E. 2d 79 (1984).

[2] In his next argument, defendant contends that the conspiracy indictment was fatally defective because it failed to state the name of the person to whom defendant agreed to sell cocaine or, alternatively, to state that the person's name was unknown, relying on *State v. Bennett*, 280 N.C. 167, 185 S.E. 2d 147 (1971). In *Bennett* the court held that an indictment for sale (of a controlled substance) must state the name of the person to whom the sale was made or must allege in the alternative that the name of the person was unknown. We reject defendant's argument and refuse to extend the *Bennett* rule as to sale to indictments for conspiracy to sell and deliver controlled substances. In this case, the indictment charged defendant with conspiring with Hammonds and others "to sell or deliver cocaine." These allegations were sufficient to put defendant on notice as to the charge against him. *See State v. Bowen*, 56 N.C. App. 210, 287 S.E. 2d 458, *disc. rev. denied*, 305 N.C. 588, 292 S.E. 2d 7 (1982).

[3] Defendant's argument, however, has led us to an examination of the record proper, which discloses other errors. Each indictment in this case alleged the offenses of sale *or* delivery, in the disjunctive. This was incorrect. *State v. Helms*, 247 N.C. 740, 102 S.E. 2d 241 (1958); *State v. Albarty*, 238 N.C. 130, 76 S.E. 2d 381 (1953).[1] Defendant not having moved to dismiss, he waived this defect for purposes of trial. *State v. Kelly*, 13 N.C. App. 588, 186 S.E. 2d 631, *rev'd on other grounds*, 281 N.C. 618, 189 S.E. 2d 163 (1972). In this case, however, the verdicts submitted to the jury were also in the disjunctive, *i.e.*, guilty of "possession with intent to sell or deliver"; guilty of "sale or delivery"; and guilty of conspiracy to "sell or deliver." These verdicts, being inherently ambiguous, do not support the judgments, *State v. Albarty, supra*, *State v. Creason*, 68 N.C. App. 599, 315 S.E. 2d 540 (1984), and require a new trial.[2]

---

1. We are aware that in *State v. Rozier*, 69 N.C. App. 38, 316 S.E. 2d 893, *cert. denied*, 312 N.C. 88, 321 S.E. 2d 907 (1984), another panel of this court has reached a different result. The *Rozier* court did not mention or discuss either *Helms* or *Albarty*.

For the reasons stated, there must be a

New trial.

Judges ARNOLD and HILL concur.

---

    2. We are aware that in *Rozier* another panel of this court apparently failed to find any fault with similar disjunctive verdicts. The *Rozier* court did not mention or discuss either *Albarty* or *Creason*. We follow *Creason*.