STATE OF NORTH CAROLINA v. GEORGE RICHARD THRIFT

No. 8529SC256

(Filed 3 December 1985)

1. **Narcotics § 4.3— sufficient evidence of constructive delivery**

    There was sufficient evidence of constructive delivery to support defendant's conviction of trafficking by delivery of cocaine where it tended to show that defendant allowed an undercover agent to pick up a bag of cocaine from scales and place it under a bed for security purposes and that the agent later retrieved the cocaine from beneath the bed.

2. **Criminal Law § 26.5— sentences for trafficking by possession and by delivery —no double jeopardy**

    Defendant's constitutional right against double jeopardy was not violated by the entry of judgments and imposition of sentences against defendant for offenses of trafficking by possession and trafficking by delivery based on the same transaction.

3. **Narcotics § 2— indictment—reference to "cocoa" leaves**

    Indictments alleging trafficking in "a compound obtained from cocoa leaves" rather than from "coca" leaves was not so defective as to deprive the trial court of jurisdiction where the evidence showed over 637 grams of a 35% cocaine mixture, since defendant could not have realistically thought that he was charged with trafficking in chocolate.

APPEAL by defendant from *Owens, Jr., Judge*. Judgment entered 25 October 1985 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 14 October 1985.

Defendant was convicted of (i) trafficking by delivery of 400 or more grams of a mixture containing cocaine and (ii) trafficking by possession of 400 or more grams of a mixture containing cocaine. From judgment imposing two consecutive thirty-five year sentences, defendant appealed.

*Attorney General Thornburg by Associate Attorney General J. Michael Smith for the State.*

*Appellate Defender Stein by Geoffrey C. Mangum, Assistant Appellate Defender for defendant-appellant.*

PARKER, Judge.

In his first assignment of error, defendant contends the court erred in failing to dismiss the charge of trafficking by delivering cocaine because the State failed to offer evidence that defendant "delivered" cocaine. We disagree.

The State's evidence showed that on 25 April 1984, S.B.I. Agent David Ramsey told defendant that he wanted to arrange a transaction for a quantity of cocaine for potential buyers in the near future. Defendant subsequently indicated to Ramsey that he had cocaine available for sale, and Ramsey drove to defendant's house on 2 May 1984 to complete the sale. After his arrival, two men emerged from the woods and one man handed defendant a paper bag. Ramsey and defendant then went into defendant's bedroom where defendant removed a plastic bag containing white powder from the paper bag, showed it to Ramsey, and weighed it, revealing a weight of approximately 500 grams. Ramsey put the plastic bag back into the paper bag and placed the bag "under the bed for security purposes."

Ramsey then left, telling defendant he was going to get his buyer and the money and then return to exchange the money and drugs. Ramsey thereafter picked up Agent Ingram and drove back to defendant's house. Ramsey and Ingram entered defendant's house with Ingram posing as the buyer. The three men went into defendant's bedroom and defendant received a telephone call. While defendant was talking, Ramsey retrieved the bag of powder from where he had left it under the bed, and he and Ingram arrested defendant.

[1]   Defendant contends on appeal that while the evidence may have been sufficient to show an intent to deliver, no actual delivery occurred as defined by G.S. 90-87(7) because defendant was arrested before any exchange took place. "In the context of controlled substance statutes, 'deliver' means the actual, constructive, or attempted *transfer* from one person to another of a controlled substance." *State v. Creason*, 313 N.C. 122, 129, 326 S.E. 2d 24, 28 (1985); G.S. 90-87(7). The sale and delivery of narcotics are separate offenses. *State v. Dietz,* 289 N.C. 488, 223 S.E. 2d 357 (1976). To prove delivery, the State is not required "to prove that defendant received remuneration for the transfer." *State v. Pevia*, 56 N.C. App. 384, 387, 289 S.E. 2d 135, 137, *cert. denied*, 306 N.C. 391, 294 S.E. 2d 218 (1982).

At trial the State proceeded, and the judge instructed on the delivery of cocaine, not the sale of cocaine. We hold that the evidence that defendant allowed Agent Ramsey to pick up the bag of cocaine from the scales and place it "under the bed for security purposes" from where Agent Ramsey later retrieved it was sufficient evidence of constructive delivery to go to the jury for its evaluation and determination as to whether defendant "[k]nowingly delivered" "400 grams or more of a mixture containing cocaine." The assignment of error is overruled.

[2]   Next, defendant contends the court erred in entering judgment and sentencing defendant for both offenses of trafficking by possession and trafficking by delivery based on the same transaction as being in violation of the constitutional prohibition against double jeopardy. This argument has been resolved against defendant in *State v. Anderson*, 57 N.C. App. 602, 292 S.E. 2d 163, *disc. rev. denied*, 306 N.C. 559, 294 S.E. 2d 372 (1982).

[3]   Finally, defendant contends the court erred in entering judgment upon the trafficking by possession and by delivery counts because both counts alleged trafficking in "a compound obtained from cocoa leaves," which is not a controlled substance. The 1983 amendment inserting "cocoa" into G.S. 90-95(h)(3) rather than "coca" appears to be a typographical error as the term "cocoa" only appears in the 1983 cumulative supplement to Volume 2C. We hold that because the purpose of an indictment is to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, *State*

In re Rogers

*v. Sturdivant*, 304 N.C. 293, 283 S.E. 2d 719 (1981), the indictment as written was not so defective as to deprive the trial court of subject matter jurisdiction under the facts of this particular case. The trial evidence showed over 637 grams of a 35% cocaine mixture. At no time could defendant realistically have thought that he was charged with trafficking in chocolate.

Defendant received a fair trial, free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge BECTON concur.