STATE OF NORTH CAROLINA v. RONNIE D. PULLIAM

No. 8515SC404

(Filed 3 December 1985)

1. **Narcotics § 4.2— possession of LSD with intent to sell or deliver — sufficient evidence**

   Defendant's motion to dismiss the charge of possession of LSD with intent to sell or deliver was properly denied where there was testimony that defendant pulled a large bag of pills from his back pocket, counted out twenty-five of them and gave them to the witness, and the pills were later identified as LSD. Even though the witness was a participant in the transaction and received a favorable plea bargain in exchange for his testimony, matters relating to the credibility of the witness were for the jury to decide.

2. **Narcotics § 5— sale or delivery of LSD — disjunctive verdict inherently ambiguous**

   A verdict of guilty of sale or delivery of LSD was inherently ambiguous and fatally defective where the evidence was sufficient to go to the jury on delivery but there was insufficient evidence of the sale.

   Chief Judge HEDRICK concurs in part and dissents in part.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 1 August 1984 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 21 October 1985.

Defendant was indicted for conspiracy to sell and deliver Lysergic Acid Diethylamide (LSD), possession of a controlled substance (LSD) with the intent to sell or deliver and sale or delivery of LSD. LSD is a Schedule I controlled substance under G.S. 90-89.

The evidence for the State showed that on 9 February 1983, Martha Anne Walker, an undercover agent for the State Bureau

of Investigation, was taken by a confidential informant to the home of Samuel A. "Rock" Cobb for the purpose of purchasing LSD. Cobb told Agent Walker that he did not have any "acid" but that he knew where she could find some. He rode with Agent Walker and the informant, directing them to defendant's trailer. Cobb testified that he went inside the trailer and asked the defendant, who he said was "always holding acid," for twenty-five hits of acid. Cobb's testimony conflicted as to who he told defendant the acid was for. Defendant pulled a large plastic bag from his back pocket and counted out the number requested and handed them to Cobb in a small bag. Chris Nichols, a friend of defendant, then accompanied Cobb back out to Agent Walker's car in order to collect the amount owed, which was said to be $62.25. Agent Walker did not have the exact amount owed and gave Nichols $80.25. A dispute later developed about the change due. Agent Walker went inside and was directed by Nichols to the back bedroom of the trailer.

When she walked into the bedroom, she saw several men and three women sitting around the bedroom. The men were playing cards. Defendant was closest to the door and Agent Walker addressed herself to him. She complained that there was a dispute as to how much money she still owed for the acid. Defendant replied either "Poor you" or "Who're you?" Walker indicated her willingness to work out the dispute, but defendant said "Forget it" or "It's okay." Walker testified that defendant appeared aware at all times of the transaction to which she was referring.

Defendant denied knowledge of the transaction and contended that only Cobb and Nichols were involved in the deal. Defendant did not testify, but did present three witnesses who had been in the bedroom playing cards. All three testified that they never saw defendant give Cobb anything and that defendant had not indicated he knew who Walker was or what she was doing there.

At the close of the State's evidence, the trial judge granted defendant's motion to dismiss the conspiracy charge. The motion was denied as to the other charges. Defendant renewed his motion at the close of all the evidence. The motion was denied and the charges were submitted to the jury, which returned guilty verdicts as to both. Defendant was sentenced to the presumptive term of three years for each offense, to run consecutively. Defend-

ant appeals the denial of his motion to dismiss the charges at the close of all the evidence.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Charles V. Bell for the defendant appellant.*

PARKER, Judge.

Defendant's only assignment of error is the denial of his motion to dismiss, at the close of all the evidence, the charges of possession of LSD with intent to sell or deliver and sale or delivery of LSD. The motion to dismiss challenges the sufficiency of the evidence and must be granted unless there is "substantial evidence of all material elements of the offense in order to create a jury question on defendant's guilt or innocence." *State v. Locklear*, 304 N.C. 534, 538, 284 S.E. 2d 500, 502 (1981). When ruling on a motion to dismiss, the court is required to consider the evidence in the light most favorable to the State and every reasonable inference which can be drawn from the evidence must be drawn in favor of the State. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980).

[1]   As to the charge of possession of LSD with intent to sell or deliver, the motion was properly denied. The testimony of Samuel "Rock" Cobb was sufficient to create a jury question on each element of that offense. The elements are (i) the unlawful (ii) possession (iii) of a controlled substance (iv) with the intent to sell or deliver it. Cobb testified that the defendant pulled a large bag of pills from his back pocket, counted out twenty-five of them and gave them to Cobb. Those pills were later identified as LSD, a controlled substance. Cobb's testimony, if believed by the jury, amounted to "substantial evidence" of all the elements of the offense of possession with intent to sell or deliver. Even though he was a participant in the transaction and had received a favorable plea bargain in exchange for his testimony, the jury could have believed him, as matters relating to the credibility of a witness are for the jury to decide. *Powell, supra.* The trial judge properly denied the motion to dismiss the possession with intent to sell or deliver charge and submitted the case to the jury.

[2]   The motion to dismiss the charge of sale or delivery of LSD presents a much closer question. The law is settled in North Caro-

lina that an indictment for the sale and/or delivery of a controlled substance must name the person to whom the defendant allegedly sold or delivered. *State v. Ingram*, 20 N.C. App. 464, 201 S.E. 2d 532 (1974), *citing State v. Bennett*, 280 N.C. 167, 185 S.E. 2d 147 (1971). A defendant must be convicted, if at all, of the particular offense charged in the indictment. *State v. Faircloth*, 297 N.C. 100, 253 S.E. 2d 890 (1979). The State's proof must conform to the specific allegations contained in the indictment. If the evidence fails to do so, it is insufficient to convict the defendant. *Id.* Therefore, a challenge to a fatal variance between indictment and proof may be raised by a motion to dismiss for insufficient evidence. *Id.*; *State v. Law*, 227 N.C. 103, 40 S.E. 2d 699 (1946). In *Law*, Chief Justice Stacey said:

> The question of variance may be raised by demurrer to the evidence or by motion to nonsuit. "It is based on the assertion, not that there is no proof of a crime having been committed, but that there is none which tends to prove that the particular offense charged in the bill of indictment has been committed. In other words, the proof does not fit the allegation, and, therefore, leaves the latter without any evidence to sustain it. It challenges the right of the State to a verdict upon its own showing, and asks that the court, without submitting the case to the jury, decide, as a matter of law, that the State has failed in its proof."

*Id.* at 104, 40 S.E. 2d at 700, *quoting State v. Gibson*, 169 N.C. 318, 322, 85 S.E. 7, 9 (1915).

In order to survive defendant's motion to dismiss the charge of selling or delivering to Agent Walker, the State would, at minimum, have to show two things—first, that defendant had knowledge Cobb was buying the drugs for another person and, second, that the person named in the indictment was that other person. *See State v. Black*, 34 N.C. App. 606, 239 S.E. 2d 276 (1977), *disc. rev. denied*, 294 N.C. 362, 242 S.E. 2d 632 (1978). This guilty knowledge may be shown by circumstantial evidence. *State v. Rozier*, 69 N.C. App. 38, 316 S.E. 2d 893, *cert. denied*, 312 N.C. 88, 321 S.E. 2d 907 (1984).

On a motion to dismiss, not only is the evidence viewed in the light most favorable to the State, *Powell, supra*, but, further, contradictions in the State's evidence are disregarded and only

the favorable evidence is considered. Thus, the contradiction in Cobb's testimony relating to who he told defendant the acid was for is ignored. *Black, supra.* When so considered, the State's evidence shows that Cobb told defendant that he was buying the acid for a friend. Cobb then had to take the drugs outside to get money from this "friend." This evidence showed defendant's knowledge that Cobb was buying the drugs for someone else. That Agent Walker was this other person is clearly shown both by her testimony and by Cobb's.

We conclude that this evidence is sufficient to go to the jury on the charge of delivery to Agent Walker. However, Nichols, who handled the money, did not testify, and no evidence was presented which showed defendant actually received any remuneration, a necessary element of the offense of sale. The charge submitted to the jury and the verdict returned was in the disjunctive for "sale or delivery." Under the holdings of our Supreme Court, most recently in *State v. McLamb,* 313 N.C. 572, 330 S.E. 2d 476 (1985), this verdict is ambiguous and fatally defective. This Court in reviewing defendant's conviction has no way of knowing for which of the distinct crimes of sale of a controlled substance or delivery of a controlled substance the jury convicted defendant. Being inherently ambiguous, the verdict does not support the judgment and there must be a new trial. *State v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381 (1953).

As to the conviction for possession with intent to sell or deliver, there is no error. As to the conviction for sale or delivery of a controlled substance, new trial.

Judge BECTON concurs.

Chief Judge HEDRICK concurs in part and dissents in part.

Chief Judge HEDRICK concurring in part and dissenting in part.

I concur with that part of the majority opinion finding no error in the case wherein defendant was charged with felonious possession with intent to sell or deliver a controlled substance.

I dissent, however, in the case wherein defendant was charged with sale or delivery of a controlled substance, was found guilty of that offense, and had judgment imposed on the verdict.

In *State v. Helms*, 247 N.C. 740, 102 S.E. 2d 241 (1958) the Supreme Court held that a bill of indictment charging a defendant with separate crimes in the disjunctive was fatally defective and arrested judgment. Selling a controlled substance and delivering a controlled substance are separate crimes. *State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357 (1976).

In the present case, defendant was charged in the disjunctive with the separate crimes of selling a controlled substance and delivering a controlled substance. The critical part of the indictment states as follows: ". . . the defendant named above unlawfully, willfully, and feloniously did sell or deliver to Special Agent M. A. Walker, a controlled substance. . . ." Thus this indictment which charges separate crimes in the disjunctive is *fatally* defective and judgment should be arrested.

While I realize that such a holding cannot be wholly reconciled with the holding in *State v. McLamb*, 71 N.C. App. 220, 321 S.E. 2d 465 (1984), *affirmed in pertinent part*, 313 N.C. 572, 330 S.E. 2d 476 (1985), I nevertheless vote to arrest judgment in the present case, and suggest that the State might proceed against defendant on a new and proper indictment. This of course the State can do even under the mandate of the majority decision in this case. In my opinion, the State would be ill-advised to afford defendant a new trial on the bill of indictment charging defendant in the disjunctive.