STATE OF NORTH CAROLINA v. EDUARDO HERNANDEZ LORENZO

No. COA00-1349

(Filed 18 December 2001)

1. **Criminal Law— judge questioning witness during trial— clarification**

 The trial court did not err in a trafficking in marijuana case by interrupting the direct examination of a prosecution witness to ask the witness a few questions as the witness was testifying that he could identify defendant's voice, because: (1) the trial court's questioning was simply an effort to clarify the witness's testimony; and (2) the clarification was helpful since it could have been unclear to the jury exactly what the witness meant, and the questions helped clarify that the detective was speaking of a person and not the subject matter of a telephone call.

**2. Drugs— trafficking in marijuana by transportation—trafficking in marijuana by delivery—constructive delivery—acting in concert**

The trial court did not err by permitting the jury to consider charges against defendant for trafficking in marijuana by transportation and trafficking in marijuana by delivery even though defendant contends he never actually possessed or delivered the pertinent marijuana, because: (1) the doctrine of constructive delivery is recognized under our state laws; and (2) defendant was guilty of acting in concert when he was present at the scene of the crime and acted with another who transported the marijuana.

**3. Evidence— trafficking in marijuana—laboratory report—chain of custody**

The trial court did not err in a trafficking in marijuana case by finding the chain of custody for a laboratory report was properly established even though the statement of the chain of custody did not comply with N.C.G.S. § 90-95(g1)(1) based on an inaccuracy concerning the last person to handle the evidence, because: (1) a statement pursuant to N.C.G.S. § 90-95(g1)(1) is not the exclusive method for authenticating a laboratory report; (2) the chain of custody may also be established by the testimony of the individuals in the chain of custody; and (3) a detective's testimony establishing that he was the last person to handle the evidence, in addition to the statement admitted by the State, was sufficient to establish the chain of custody.

**4. Drugs— conspiracy to traffic in marijuana—failure to name person to whom defendant conspired to sell or deliver**

The indictment used to charge defendant with conspiracy to traffic in marijuana was not defective even though it failed to name the person to whom defendant conspired to sell or deliver, because: (1) an indictment for conspiracy to sell or deliver a controlled substance does not need to name the person to whom defendant conspired to sell or deliver; (2) the indictment for conspiracy, considered along with the accompanying indictment charging defendant with the offense of delivery of marijuana and the magistrate's order both identifying the person to whom defendant delivered marijuana, gave defendant sufficient notice of the charge against him; and (3) even if the indictment had been

defective in charging defendant with conspiracy to traffic in marijuana by delivery, the indictment would have still been sufficient to support a conviction of a single act of conspiracy to traffic in marijuana by possession and transportation.

**5. Criminal Law— trafficking in marijuana—errors in forms to record judgment and commitment**

Although there was no error in the determination that defendant was guilty of trafficking in marijuana by possession, trafficking in marijuana by delivery, trafficking in marijuana by transportation, and conspiracy to traffic in marijuana, the case is remanded to correct the errors in the forms used to record the judgment and commitment.

Appeal by defendant from judgments entered 5 June 2000 by Judge A. Moses Massey in Rockingham County Superior Court. Heard in the Court of Appeals 16 October 2001.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Douglas R. Hux for defendant-appellant.*

HUNTER, Judge.

Eduardo Hernandez Lorenzo ("defendant") was convicted in the Superior Court of Rockingham County for trafficking in marijuana by possession, trafficking in marijuana by delivery, trafficking in marijuana by transportation, and conspiracy to traffic in marijuana by possession, transportation, and delivery. Defendant appeals. We find no error, but we remand for correction of judgment and commitment forms.

On 14 September 1999, police executed a search warrant at the home of Chad Smith, where they found and seized approximately two pounds of marijuana and $11,000.00 in cash. Smith told police his supplier was a hispanic male named Edward, and he agreed to help the police arrest Edward. Over the course of the day, Smith arranged to buy fifteen pounds of marijuana from his supplier. The transaction was to take place at 9:00 p.m. outside a Mexican restaurant. Smith informed police that defendant usually arrived in a white vehicle to "check out" the scene, but that he used another hispanic male to make the actual delivery. The police officers positioned at the restaurant saw a white car, matching the description Smith had given, circle

around the parking lot. A few minutes later, a red car pulled into the parking lot. The driver of the red car, Alejandro Cruz Gonzalez, got out, removed a garbage bag, and placed it in Smith's car. Gonzalez and defendant were subsequently arrested. Tests conducted by the State Bureau of Investigation ("SBI") revealed that the garbage bag contained 18.4 pounds of marijuana.

A grand jury indicted defendant for trafficking in marijuana by possession, trafficking in marijuana by delivery, trafficking in marijuana by transportation, and conspiracy to traffic in marijuana by possession, transportation, and delivery. On 2 June 2000, a jury found defendant guilty on all charges. During sentencing, the judgments for trafficking in marijuana by possession and trafficking in marijuana by delivery were consolidated. For this consolidated offense, defendant was sentenced to a prison term of twenty-five to thirty months and a fine of $5,000.00. The trial court also consolidated the offenses of trafficking in marijuana by transportation and conspiracy to traffic in marijuana by possession, delivery, and transportation. For this consolidated offense, defendant also received a prison term of twenty-five to thirty months and a fine of $5,000.00. Defendant appeals.

[1] By his first argument, defendant contends that the trial court committed reversible error by questioning a trial witness and therefore depriving defendant of a fair and impartial tribunal. The trial court interrupted the direct examination of prosecution witness Detective Billy Parker, as Parker was testifying that he could identify defendant's voice, to ask the witness a few questions. The following exchange occurred:

Q: Did you recognize the voice on that occasion?

A: It was the same subject as earlier.

Q: And what did you do after that call?

THE COURT: Excuse me. Do you have an opinion as to who it was? The same voice? Was it the person you had talked to earlier, approximately a month before?

THE WITNESS: Yes, sir.

THE COURT: What is your opinion when the second phone call was made? Was it the same person you talked to about a month before?

THE WITNESS: I feel it was the same subject.

Q: And that person you spoke to a month before, was that person Mr. Lorenzo?

A: Yes.

A judge may speak to witnesses during the trial but "[t]he judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (1999). This statute does not preclude a judge from questioning a witness to clarify his or her testimony, *State v. Whittington*, 318 N.C. 114, 125, 347 S.E.2d 403, 409 (1986), as long as the questioning is "conducted in such a manner as to avoid prejudice to either party," *id.* We have reviewed the questioning during Detective Parker's testimony and we believe the questioning was not prejudicial to defendant. Rather, the trial court's questioning was simply an effort to clarify the detective's testimony. Such clarification was helpful because it could have been unclear to the jury exactly what Detective Parker meant when he spoke of "the same subject." The trial court's questions helped to clarify that the detective was speaking of a person and not the subject matter of the telephone call. Therefore, we conclude that this line of questioning was not prejudicial to defendant.

**[2]** Defendant's second argument is that the trial court committed reversible error by charging defendant with trafficking in marijuana by transportation and trafficking in marijuana by delivery because defendant himself never actually possessed or delivered the marijuana in question and because North Carolina does not recognize the doctrines of constructive delivery or constructive transportation. We disagree. The doctrine of constructive delivery is recognized under our state laws. For example, the offense of delivery of a controlled substance is defined as "the actual constructive, or attempted transfer from one person to another." N.C. Gen. Stat. § 90-87(7) (1999). Our courts have also recognized the concept of constructive delivery. *See State v. Creason*, 313 N.C. 122, 129, 326 S.E.2d 24, 28 (1985); *State v. Thrift*, 78 N.C. App. 199, 201, 336 S.E.2d 861, 862 (1985), *disc. review denied*, 316 N.C. 557, 344 S.E.2d 15 (1986). Thus, defendant's argument that there is no doctrine of constructive delivery under North Carolina law is incorrect.

While we have found no case in North Carolina that recognizes the doctrine of constructive transportation, we nonetheless conclude there was no error in the jury instruction given by the trial court. The

trial court did not instruct the jury on constructive transportation, but instructed the jury on acting in concert. It is well-settled in North Carolina that a person may be guilty of a crime by "acting in concert" if he is found at the scene of a crime, acting with another person who plans to commit a crime. *State v. Jefferies*, 333 N.C. 501, 512, 428 S.E.2d 150, 156 (1993). A person is considered acting in concert even if the other person "does all the acts necessary to commit the crime." *Id.* Here, we believe defendant was guilty of acting in concert. Defendant had previously spoken with Smith to arrange where the transaction would take place. He was at the scene of the crime when the marijuana was delivered to Smith. Defendant was therefore present at the scene of the crime, acting with another who transported the marijuana. Thus, the jury instruction on the charge of trafficking in marijuana by transportation was proper based on the doctrine of acting in concert.

[3] Defendant's third argument relates to the evidence presented by the State regarding the chain of custody of the laboratory report. Defendant argues that the chain of custody was not properly established. Under North Carolina law, a chain of custody does not have to be established by calling witnesses if there is "a statement signed by each successive person in the chain of custody that the person delivered it to the other person indicated on or about the date stated." N.C. Gen. Stat. § 90-95(g1)(1) (1999). Defendant claims that the State's statement was inaccurate because it provided that Alice Green-Guy was the last person in the chain of custody, whereas the evidence at trial showed that Detective Parker was the last person to handle the evidence.

Although defendant is correct that the statement of the chain of custody did not comply with the statute, we find that the evidence presented by the State was sufficient to establish the chain of custody. A statement pursuant to N.C. Gen. Stat. § 90-95(g1) is not the exclusive method for authenticating a laboratory report. *State v. Greenlee*, 146 N.C. App. 729, 731, 553 S.E.2d 916, 918 (2001). The chain of custody may also be established by the testimony of the individuals in the chain of custody. Here, once the error in the statement was discovered, the trial court recalled Detective Parker who testified that he had retrieved the lab report from Green-Guy and that it had remained under his control until he testified. This testimony, in addition to the statement submitted by the State, was sufficient to establish the chain of custody.

**[4]** Defendant's fourth argument is that the indictment charging defendant with conspiracy to traffic in marijuana was defective. The indictment alleges that defendant "did conspire with Alejandro Cruz Gonzalez to commit the felony of trafficking to possess, transport and deliver more than ten but less than fifty pounds of marijuana." Defendant argues that conspiracy to traffic in marijuana by delivery requires the involvement of at least three people, since delivery alone requires at least two people, and that the indictment was defective for failing to name the person to whom defendant allegedly conspired to deliver the marijuana.

"The purpose of an indictment is to give defendant sufficient notice of the charge against him, to enable him to prepare his defense, and to raise the bar of double jeopardy in the event he is again brought to trial for the same offenses," and "[a]n indictment not meeting these standards will not support a conviction." *State v. Ingram*, 20 N.C. App. 464, 466, 201 S.E.2d 532, 534 (1974). Furthermore, " '[w]here a sale is prohibited, it is necessary, for a conviction, to allege in the bill of indictment the name of the person to whom the sale was made or that his name is unknown . . . .' " *State v. Bennett*, 280 N.C. 167, 168, 185 S.E.2d 147, 148 (1971) (quoting *State v. Bissette*, 250 N.C. 514, 517, 108 S.E.2d 858, 861 (1959)). However, this Court has previously held that an indictment for *conspiracy* to sell or deliver a controlled substance need not name the person to whom the defendant conspired to sell or deliver. *State v. McLamb*, 71 N.C. App. 220, 222, 321 S.E.2d 465, 466 (1984) ("[w]e reject defendant's argument and refuse to extend the *Bennett* rule as to . . . indictments for conspiracy to sell and deliver controlled substances"), *reversed on other grounds*, 313 N.C. 572, 330 S.E.2d 476 (1985). Therefore, the indictment was sufficient despite the fact that it does not identify the person to whom defendant conspired to sell or deliver marijuana. Further, in this case, the accompanying indictment charging defendant with the offense of delivery of marijuana (on the same date as the alleged conspiracy) identifies Eugene Riddick as the person to whom defendant delivered marijuana, and the "Magistrate's Order" for the conspiracy charge identifies Eugene Riddick as the person to whom defendant conspired to deliver marijuana. We hold that the indictment for conspiracy, especially when considered along with the other documents in the record, was sufficient to give defendant notice of the charge against him, to enable him to prepare his defense, and to raise the bar of double jeopardy in the event he is again brought to trial for the same offense.

STATE v. LORENZO

[147 N.C. App. 728 (2001)]

We also note that even if the indictment had been defective in charging defendant with conspiracy to traffic in marijuana by delivery, the indictment would still have been sufficient to support defendant's conviction for conspiracy to traffic in marijuana. Defendant was convicted of a single act of conspiring with Gonzalez to traffic in marijuana by any one or more of the following: possession, transportation, or delivery. *See, e.g., State v. Rozier*, 69 N.C. App. 38, 52, 316 S.E.2d 893, 902 ("[i]t is well established that the gist of the crime of conspiracy is the agreement itself, not the commission of the substantive crime"), *cert. denied*, 312 N.C. 88, 321 S.E.2d 907 (1984). The jury returned a verdict finding defendant guilty of "Conspiracy to Traffic In Marijuana by Possession, Delivery, and Transportation." Thus, even if the indictment were insufficient to support a conviction of conspiracy to traffic in marijuana by delivery, it would still be sufficient to support a conviction of a single act of conspiracy to traffic in marijuana by possession and transportation.

**[5]** Finally, defendant asserts that there are errors in the forms used to record the judgment and commitment. The State concedes that errors exist in these forms. The errors that exist on the two judgment and commitment forms are as follows: (1) defendant's pleas are recorded as "guilty" when they should be recorded as "not guilty"; (2) the felony trafficking offenses are listed as misdemeanors, when they should be listed as felonies; and (3) the forms refer to N.C. Gen. Stat. § 14-322 (1999) when referring to the trafficking offenses, but the forms should refer to N.C. Gen. Stat. § 90-95(h). Although the sentencing was proper, it was improperly recorded. Thus, we remand to the trial court to correct both judgment and commitment forms in the manner stated above.

We believe there was no error in the determination that defendant was guilty of trafficking in marijuana by possession, trafficking in marijuana by delivery, trafficking in marijuana by transportation, and conspiracy to traffic in marijuana. The case is remanded, however, to correct the errors in the forms used to record the judgment and commitment.

No error. Remanded.

Judges GREENE and THOMAS concur.