STATE OF NORTH CAROLINA v. ANTHONY ARMISTEAD BOWEN

No. 8128SC873

(Filed 2 March 1982)

**1. Conspiracy § 4.1— sufficiency of indictment**

     An indictment which charged that defendant conspired with another person to obtain certain tools and equipment from a store by means of forging a signature to a purchase order, set forth the purpose and object of defendant and the other person, and was sufficient to apprise defendant of the charge of conspiracy.

**2. Constitutional Law § 46— effective assistance of counsel**

     The trial judge did not err in denying defendant's motion to replace his court-appointed counsel where defendant complained that his relationship with his court-appointed counsel had deteriorated, and where defendant's complaints about his counsel were based on matters of law and trial tactics.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 2 April 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 2 February 1982.

Defendant was charged as follows:

[Defendant] did unlawfully, wilfully, and feloniously conspire with Richard Keith Garren to feloniously, knowingly and designedly with the intent to cheat and defraud obtain [certain equipment and tools] from Village True Value Hardware, Inc., . . . without making proper compensation or bona fide arrangements for compensation. This property was obtained by means of forging a signature to a purchase order . . . from Stroupe Sheet Metal Works, Incorporated, . . . and obtaining the [equipment and tools] from Village True Value Hardward, Inc., having bill charged to Stroupe Sheet Metal Works, Incorporated, without their consent. The pretense made was calculated to deceive and did deceive . . ..

He was found guilty of conspiracy, as charged. Defendant appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Lemuel W. Hinton, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant-appellant.*

HILL, Judge.

The State's evidence tended to show that on 24 July 1980, defendant and Richard Keith Garren discussed using a purchase order from Stroupe Sheet Metal Works to get come tools to sell at the flea market. Kay Ballinger saw defendant sign the name "Ed Smith" on the purchase order; she later gave the purchase order to Garren along with a list of things to get from the Village True Value Hardware Store [hereinafter referred to as "the store"].

Upon receiving instructions from defendant, Garren and Ballinger went to the store on the morning of 25 July. The store clerk "got all the things that I asked for," Garren testified. Garren signed an invoice, "Ed Smith, V.S.S. Job," received the equipment and tools, and left with Ballinger to go to the Dream Land Flea Market. Defendant already was waiting for Garren and Ballinger, and "[a] substantial part of what had been bought at the store was sold at the flea market." Defendant kept the articles that were not sold. Defendant presented no evidence.

[1] In his first argument, defendant contends that the indictment, quoted above, is insufficient to charge the offense of conspiracy and that he thereby was deprived of his constitutional rights to indictment and notice of the charges against him. .

> An indictment is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in case of conviction.

*State v. Lowe,* 295 N.C. 596, 603, 247 S.E. 2d 878, 883 (1978). *See State v. Squire,* 292 N.C. 494, 234 S.E. 2d 563 (1977), *cert. denied,* 434 U.S. 998 (1978); *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970). "A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlwful way or by unlawful means . . . . As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is completed." *State v. Bindyke,* 288 N.C. 608, 615-16, 220 S.E. 2d 521, 526 (1975). *Accord, State v. Abernathy,* 295 N.C. 147, 244 S.E. 2d 373 (1978).

Taken as a whole, then, we must determine whether the in-dictment *sub judice* sufficiently charges the offense of conspiracy. *See State v. Blanton,* 227 N.C. 517, 42 S.E. 2d 663 (1947). In so doing, as the State notes, we must find that the indictment clear-ly sets forth the purpose and object of the persons involved, " 'as in these are to be found almost the only marks of certainty by which the parties accused may know what is the accusation they are to defend.' " *State v. Van Pelt,* 136 N.C. 633, 639, 49 S.E. 2d 177, 180 (1904), *quoting State v. Trammell,* 24 N.C. (2 Ired.) 379, 386 (1842).

The indictment clearly charges that defendant conspired with Garren to obtain certain tools and equipment from the store by means of forging a signature to a purchase order. This informa-tion sets forth the purpose and object of defendant and Garren, and is sufficient to apprise defendant of the charge of conspiracy. This assignment of error is overruled.

[2] Defendant's second argument alleges that the trial judge erred in denying his motion to replace his court-appointed counsel where he had shown a deteriorated relationship between them. The disagreement between defendant and his attorney, defendant argues, denied him effective assistance of counsel. We do not agree.

The right to effective assistance of counsel, guaranteed by the Sixth Amendment to the United States Constitution, is made applicable to the states by the Fourteenth Amendment. Since there are no "hard and fast rules" that can be employed to deter-mine a denial of this right, "each case must be examined on an individual basis so that the totality of its circumstances are con-sidered." *State v. Hutchins,* 303 N.C. 321, 336, 279 S.E. 2d 788, 798 (1981). *See State v. Hensley,* 294 N.C. 231, 240 S.E. 2d 332 (1978).

> An accused has the right to conduct his own defense without counsel but he does not have the right to have the attorney of his choice appointed by the court. [Citation omitted.] Neither does the right to competent court-appointed counsel include the privilege to insist that counsel be removed and replaced with other counsel merely because defendant be-comes dissatisfied with his attorney's services.

*State v. Sweezy,* 291 N.C. 366, 371, 230 S.E. 2d 524, 528 (1976). The decision to appoint a different lawyer for a defendant who is

dissatisfied with his court-appointed counsel "is a matter committed to the sound discretion of the [trial judge]." *United States v. Young,* 482 F. 2d 993, 995 (5th Cir. 1973), *quoted in State v. Sweezy, supra* at 371-72, 230 S.E. 2d at 529. A disagreement over trial tactics, however, generally does not render the assistance of counsel ineffective. *State v. Thacker,* 301 N.C. 348, 271 S.E. 2d 252 (1980); *State v. Robinson,* 290 N.C. 56, 224 S.E. 2d 174 (1976).

We do not propose to review completely the details of defendant's pretrial relationship with his court-appointed counsel; suffice it to say that defendant's complaints about him are based on matters of law and trial tactics — matters in which counsel is specially trained. The record reveals that defendant was confused about the nature of the charge against him. Regarding the effectiveness of defendant's court-appointed counsel, the following colloquy took place when the trial judge heard defendant on a motion for speedy trial:

> COURT: Well, do you have anything else to say to the Court?
>
> DEFENDANT: No sir. I'm completely dissatisfied with Mr. Harrell's representation. He's never questioned me about this charge or about any witness to appear in my behalf.
>
> COURT: Do you want to appear in your own behalf, then, without Mr. Harrell?
>
> DEFENDANT: I don't think I'm qualified without the opportunity to use the law library.
>
> COURT: I don't think you are either. If you'll have a seat, we'll call this case for trial, as soon as we get a jury.

Nothing in the record indicates the conflicts were in any way the fault of counsel; rather, it appears they could have been reconciled with the cooperation of defendant. Under these circumstances, we do not find that the trial judge abused his discretion by denying defendant's motion to replace his court-appointed counsel and proceeding with the trial.

It is not error for the trial judge to consider defendant's complaints about his court-appointed counsel without a formal hearing when defendant makes his "wishes and opinions known frequently

and vociferously." *State v. Sweezy, supra* at 373, 230 S.E. 2d at 529. Here, the judge clearly was made aware of those complaints.

For the reasons stated above, in defendant's trial, we find

No error.

Judges HEDRICK and BECTON concur.