STATE OF NORTH CAROLINA v. RICKIE M. HAMMETTE

No. 8112SC1431

(Filed 3 August 1982)

**Conspiracy § 7— no conspiracy between defendant and undercover agent**

> In a prosecution for conspiracy to sell and deliver over 50 pounds of marijuana, the trial judge erred in instructing that defendant could be convicted if he conspired only with an undercover agent to sell and deliver marijuana since if one person merely feigns acquiescence in the proposed criminal activity, no conspiracy exists between the two since there is no mutual understanding or concert of will.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 4 August 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 11 June 1982.

Defendant was convicted as charged of conspiracy to sell and deliver over fifty pounds of marijuana. He appeals from the imposition of a sentence of three to five years' imprisonment and a fine of $5,000.00.

At trial State's evidence tended to show that undercover agent Jack Reagan knew defendant and contacted him about buying some marijuana. Defendant said that he knew someone who had a large quantity of marijuana to sell and that he would contact that individual. Defendant acted as go-between with Reagan and the supplier, Burt Spell. Reagan showed defendant $30,000.00 cash with which he planned to buy the drugs. Reagan and Spell met at defendant's house on 29 January 1981, although defendant was not present, to transact the sale of ninety pounds of marijuana at $300.00 per pound. Spell was arrested and the drugs seized pursuant to a search warrant.

Defendant presented evidence which tended to show that Reagan had shown him $30,000.00 cash and told defendant he wanted to buy some marijuana. Defendant told Reagan that he did not know anyone who sold drugs. Spell, who was a friend of defendant's, called defendant, and Reagan insisted that defendant allow him to talk to Spell. Reagan then set up the sale of the drugs with Spell and defendant had nothing further to do with the transaction.

*Attorney General Edmisten by Associate Attorney G. Criston Windham for the State.*

*Vernon F. Daughtridge for defendant appellant.*

CLARK, Judge.

Defendant argues that the trial court erred in instructing the jury that defendant would be guilty of conspiracy if he had entered into an agreement with undercover agent Reagan to sell and deliver the marijuana. The judge instructed the jury on this issue as follows:

> "The third element which the State must prove is that the defendant and at least one other person intended that the agreement be carried out at the time it was made.
>
> \* \* \* \*
>
> [T]hat if you should find from the evidence and beyond a reasonable doubt that there was *an agreement with either Jack Reagan or Burt Spell,* known as Lamburt Spell, or Johnathan Christopher Norman, known as Chris Norman, that *such an agreement with either one or some or all of such persons would be a fulfillment of proof beyond a reasonable doubt of this element.*
>
> \* \* \* \*
>
> So, members of the jury, I charge and instruct you that if you so find from the evidence and beyond a reasonable doubt, with the burden of proof being on the State, that on the 29th of January, 1981, or the days immediately preceding that this *defendant, Rickie M. Hammette, agreed with either Jack Reagan or Lamburt E. 'Burt' Spell or Johnathan Chris Norman, either one, some or all* and that the agreement was

to sell and deliver the controlled substance, marijuana, in excess of fifty pounds; to wit; approximately 86.1 pounds to Jack Reagan and that at the time of this agreement the *defendant and at least one of the other alleged conspirators, Jack Reagan, Lamburt E. Spell or Johnathan C. Norman,* intended that the agreement to sell and deliver marijuana in excess of fifty pounds be carried out. Then it would be your duty to return a verdict of guilty as charged of conspiracy to sell and deliver in excess of fifty pounds of marijuana, a controlled substance. On the other hand, if you do not so find or if you have a reasonable doubt as to any one or more of those things it would be your duty to return a verdict of not guilty." (Emphasis added.)

A conspiracy is any unlawful agreement by two or more persons to do an unlawful act or to do a lawful act in an unlawful way. *State v. Abernathy,* 295 N.C. 147, 244 S.E. 2d 373 (1978). However, if one person merely feigns acquiescence in the proposed criminal activity, no conspiracy exists between the two since there is no mutual understanding or concert of wills. *State v. Horton,* 275 N.C. 651, 170 S.E. 2d 466 (1969), *cert. denied,* 398 U.S. 959, 26 L.Ed. 2d 545, 90 S.Ct. 2175 (1970). Therefore, where one of two persons who allegedly conspired to do an illegal act is an officer of the law acting in discharge of his duties and intends to frustrate the conspiracy, the other person cannot be convicted of conspiracy. *United States v. Chase,* 372 F. 2d 453 (4th Cir.), *cert. denied,* 387 U.S. 913, 18 L.Ed. 2d 635, 87 S.Ct. 1701 (1967); *State v. Walker,* 251 N.C. 465, 112 S,E. 2d 61, *cert. denied,* 364 U.S. 832, 5 L.Ed. 2d 58, 81 S.Ct. 45 (1960); *State v. Wilkins,* 34 N.C. App. 392, 238 S.E. 2d 659, *disc. rev. denied,* 294 N.C. 187, 241 S.E. 2d 516 (1977); 15A C.J.S. *Conspiracy* § 37 (1967). This rule applies to an alleged conspiracy between only two persons, one of whom was an undercover agent or law enforcement officer. If an undercover agent acts in conjunction with more than one person to violate the law, his participation will not preclude the conviction of others for conspiracy among themselves. *State v. Wilkins, supra.*

Based upon the foregoing rules of law, we hold that it was error for the trial court to instruct the jury that defendant could be convicted if he conspired only with undercover agent Reagan to sell and deliver marijuana.

Since defendant must be granted a new trial, it is not necessary to decide whether the court should have admitted into evidence a tape-recorded conversation between Reagan and defendant and a conversation between Reagan and Spell. However, it may be appropriate to make several observations in order to avoid error upon retrial.

Defendant contends that the tape recordings were inadmissible because they were incomplete and did not contain the entire conversations. To lay a proper foundation for the admission of a recorded conversation, the State must show to the trial court's satisfaction:

> "(1) that the recorded testimony was legally obtained and otherwise competent; (2) that the mechanical device was capable of recording testimony and that it was operating properly at the time the statement was recorded; (3) that the operator was competent and operated the machine properly; (4) the identity of the recorded voices; (5) the accuracy and authenticity of the recording; (6) *that defendant's entire statement was recorded and no changes, additions, or deletions have since been made;* and (7) the custody and manner in which the recording has been preserved since it was made. (Citations omitted.)"

*State v. Lynch,* 279 N.C. 1, 17, 181 S.E. 2d 561, 571 (1971). (Emphasis added.) Item (6) above does not preclude the admission of an incomplete conversation into evidence, however. The general rule is that the fact that a recording may not reproduce an entire conversation or may be indistinct or inaudible in part does not render it inadmissible unless the defects are so substantial as to leave the recording without probative value or to render the recording as a whole untrustworthy. *Searcy v. Justice and Levi v. Justice,* 20 N.C. App. 559, 202 S.E. 2d 314, *cert. denied,* 285 N.C. 235, 204 S.E. 2d 25 (1974); 29 Am. Jur. 2d *Evidence* § 436 (1967); Annot., 57 A.L.R. 3d 746 (1974). If the two tape recordings meet the above criteria, they are admissible as both corroborative and substantive evidence. *State v. Lynch, supra.*

Because of the errors made in the court's charge to the jury, there must be a

New trial.

Judges WEBB and WHICHARD concur.