STATE OF NORTH CAROLINA v. JIMMY NICHOLSON

No. 8520SC554

(Filed 17 December 1985)

**1. Forgery § 2.2— forging and uttering an endorsement—evidence sufficient**

There was sufficient evidence of forging and uttering an endorsement on a check despite the fact that the State never introduced the check into evidence where the jury could have found from the testimony of two accomplices that the forged check was the one described in the indictment and there was substantial evidence from which the jury could reasonably have found defendant guilty beyond a reasonable doubt. There is no requirement that the check be introduced into evidence.

**2. Conspiracy § 4.1; Forgery § 2.1— conspiracy to forge an endorsement—indictment sufficient**

An indictment sufficiently charged the offense of conspiracy to forge an endorsement on a tax refund check where it clearly charged that defendant conspired and agreed with Deborah Denise Quick and Janie McBride Cameron to feloniously forge, falsely make, and counterfeit a check. That information set forth the essential elements of a conspiracy as well as the purpose and object of the conspirators.

APPEAL by defendant from *Pope, Judge.* Judgment entered 17 January 1985 in Superior Court, RICHMOND County. Heard in the Court of Appeals 24 October 1985.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Wilson Hayman for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse for defendant appellant.*

COZORT, Judge.

Defendant was convicted of forging an endorsement, uttering a forged endorsement, and conspiracy to commit felonious forgery. Defendant assigns as error the trial court's denial of his mo-

State v. Nicholson

tions to dismiss the forging and uttering charges and the trial court's denial of his motion to quash the conspiracy indictment. Regarding the substantive offenses, defendant argues the evidence was insufficient to go to the jury because the State did not introduce into evidence the check allegedly forged and uttered. As to the conspiracy indictment, defendant argues it should have been quashed because it "failed to allege specifically the forgery of an identified instrument." We find no error.

The State's evidence tended to show the following:

Sometime during the first week of March 1984 Joyce Flowers noticed her income tax check was missing. The amount of the check was "about $739.00." Ms. Flowers called the Internal Revenue Service and reported the check was missing. Ms. Flowers gave no one permission to sign the check or to remove the check from her mailbox. Ms. Flowers knew the defendant.

Deborah Denise Quick, who had known the defendant for about two years, received a phone call from the defendant during the month of March. Defendant asked her if she could get a "woman's check" cashed for him. Ms. Quick told defendant she would have to ask Janie Cameron. Defendant told her "okay" and said he would get back with her. Ms. Quick contacted Ms. Cameron, who had known defendant for about a year, and told her defendant had a "woman's check," and he wanted to know if they could get it cashed. Ms. Cameron told Ms. Quick she could get the check cashed because she had an account at the bank. Ms. Quick then talked with defendant and he told her to come and get the check. Ms. Quick met defendant while he was at work, and he handed her the check in a white envelope.

Ms. Quick and Ms. Cameron went to Richmond Federal Savings & Loan the next day and cashed the check, which was in the amount of $739.19. Ms. Quick signed Ms. Flowers' name on the back of the check without her permission. At the time she signed Ms. Flowers' name she knew it was illegal to do so. Ms. Cameron then signed her own name on the check in order to get the bank to cash it. Ms. Quick and Ms. Cameron took the $739.19 in cash and met defendant in the parking lot next to where he worked. The three divided up the money. Defendant told Ms. Quick to give Ms. Cameron $200.00 of the money and Ms. Quick received $200.00. Defendant kept the rest of the money.

Defendant presented no evidence.

[1]  First, we address defendant's contention that the evidence was insufficient to go to the jury on the forging and uttering charges. Upon a motion to dismiss in a criminal action, "all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977).

Defendant bases his argument that the evidence was insufficient upon the fact that the State never introduced the subject check into evidence. This argument is without merit. From the testimony of Ms. Flowers and Ms. Quick, the jury could readily find that the forged check was the one described in the forging and uttering indictment. There is simply no requirement in the law that the check, upon which the endorsement was allegedly forged, be in evidence. *See, e.g., State v. Peterson*, 129 N.C. 556, 40 S.E. 9 (1901).

A review of the record, in light of the above quoted standard, reveals that " 'there is substantial evidence from which a jury might *reasonably find* the defendant is guilty beyond a reasonable doubt.' " *State v. Harvell*, 45 N.C. App. 243, 246, 262 S.E. 2d 850, 853 (1980), *quoting, Jackson v. Virginia*, 443 U.S. 307, 319, 61 L.Ed. 2d 560, 574, 99 S.Ct. 2781, 2789 (1979). [Emphasis in original.] We overrule this assignment of error.

[2]  Next, we consider defendant's contention that the conspiracy indictment is fatally defective and should have been quashed because the indictment "failed to allege specifically the forgery of an identified instrument." The indictment reads, in pertinent part, as follows:

Date of Offense: March 6, 1984

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above [Richmond County] the defendant named above [Jimmy Nicholson] unlawfully, willfully and feloniously and designedly with his own head and imagination, and with common

design did conspire, confederate, scheme, and agree with another, to wit: Deborah Denise Quick and Janie McBride Cameron, to unite for the common object and purpose to feloniously forge, falsely make and counterfeit a check.

It is well settled that an indictment must "so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." *State v. Coleman*, 253 N.C. 799, 801, 117 S.E. 2d 742, 744 (1961). It is equally well settled, however, that a conspiracy indictment need not describe the subject crime with legal and technical accuracy because the charge is the crime of conspiracy and not a charge of committing the subject crime. *State v. Blanton*, 227 N.C. 517, 42 S.E. 2d 663 (1947). An indictment is legally sufficient if it informs " 'the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in case of conviction.' " *State v. Bowen*, 56 N.C. App. 210, 211, 287 S.E. 2d 458, 459, *pet. denied and appeal dismissed*, 305 N.C. 588, 292 S.E. 2d 7 (1982), *quoting, State v. Lowe*, 295 N.C. 596, 603, 247 S.E. 2d 878, 883 (1978). "A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. * * * As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is completed." *State v. Bindyke*, 288 N.C. 608, 615-16, 220 S.E. 2d 521, 526 (1975). Since the conspiracy is the crime, and not its execution, no overt act is necessary to complete the offense. *Id.* 288 N.C. at 616, 220 S.E. 2d at 526.

Therefore, we must determine whether the indictment here, taken as a whole, sufficiently charges the offense of conspiracy. *State v. Bowen*, 56 N.C. App. 210, 212, 287 S.E. 2d 458, 459 (1982). In making this determination, "we must find that the indictment clearly sets forth the purpose and object of the persons involved, 'as in these are to be found almost the only marks of certainty by which the . . . accused may know what is the accusation [he is] to defend.' " *Id. quoting State v. Van Pelt*, 136 N.C. 633, 639, 49 S.E. 177, 180 (1904). The indictment clearly charges that defendant conspired and agreed with Deborah Denise Quick and Janie McBride to feloniously forge, falsely make and counterfeit a check. This in-

formation sets forth the essential elements of a conspiracy (an agreement between two or more persons to do an unlawful act), as well as the purpose and object of the conspirators: to feloniously forge, falsely make and counterfeit a check. The indictment sufficiently charges the offense of conspiracy. Thus, the motion to quash was properly denied. This assignment of error is overruled.

No error.

Judges WHICHARD and EAGLES concur.