An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-903
NORTH CAROLINA COURT OF APPEALS

Filed: 3 March 2015

STATE OF NORTH CAROLINA

v.                                    Lee County
                                      Nos. 11 CRS 50049, 50055
EDWARD EARL MULDER


Appeal by defendant from judgment entered 7 May 2014 by Judge C. Winston Gilchrist in Lee County Superior Court. Heard in the Court of Appeals 9 February 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Scott A. Conklin, for the State.*
>
> *Peter Wood for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


On 15 October 2012, a jury found defendant Edward Earl Mulder ("Defendant") guilty of the following: one count of breaking and entering; one count of felonious operation of a motor vehicle to elude arrest; one count of reckless driving to endanger; one count of speeding; one count of littering; one count of failure to maintain lane control; one count of injury to personal property; one count of failure to heed light or siren; two counts of

violating a domestic violence protective order ("DVPO"); and five counts of assault with a deadly weapon on a government officer. The trial court imposed consecutive sentences of 15–18 months in prison for the first two counts of assault with a deadly weapon on a government officer; 19–23 months in prison for the next three counts of assault with a deadly weapon on a government officer; 6–8 months in prison for the consolidated offenses of speeding, reckless driving, felonious operation of a motor vehicle to elude arrest, failure to heed light or siren, failure to maintain lane control, and littering; and 75 days in prison for the DVPO violations, the injury to personal property offense, and the breaking or entering offense.

Defendant appealed, and this Court held that "Defendant was unconstitutionally subjected to double jeopardy when he was convicted of speeding and reckless driving in addition to felony fleeing to elude arrest based on speeding and reckless driving." *State v. Mulder*, ___ N.C. App. ___, ___, 755 S.E.2d 98, 106 (2014). Therefore, this Court arrested judgment on the speeding and reckless driving convictions and remanded Defendant's case for resentencing. *Id.*

The trial court conducted a resentencing hearing on 7 May 2014. Attorney Ed Page, who represented defendant in his original

trial, was reappointed to represent him at resentencing. The trial court arrested judgment on Defendant's convictions for speeding and reckless driving. The trial court imposed a sentence of 6-8 months for the consolidated offenses of felonious operation of a motor vehicle to elude arrest, failure to heed light or siren, failure to maintain lane control, and littering. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred by failing to conduct an inquiry into his dissatisfaction with court-appointed counsel, Ed Page. We review the trial court's decision whether to appoint new counsel for an abuse of discretion. *State v. Bowen*, 56 N.C. App. 210, 212-13, 287 S.E.2d 458, 460 (1982).

"While it is a fundamental principle that an indigent defendant in a serious criminal prosecution must have counsel appointed to represent him, an indigent defendant does not have the right to have counsel *of his choice* appointed to represent him." *State v. Thacker*, 301 N.C. 348, 351-52, 271 S.E.2d 252, 255 (1980) (internal citations omitted). Our Supreme Court further explained:

> A trial court is constitutionally required to appoint substitute counsel whenever representation by counsel originally appointed would amount to denial of

> defendant's right to effective assistance of counsel, that is, when the initial appointment has not afforded defendant his constitutional right to counsel. Thus, when it appears to the trial court that the original counsel is reasonably competent to present defendant's case and the nature of the conflict between defendant and counsel is not such as would render counsel incompetent or ineffective to represent *that* defendant, denial of defendant's request to appoint substitute counsel is entirely proper.

*Id.* at 352, 271 S.E.2d at 255 (internal citations omitted). "Once it becomes apparent that the assistance of counsel has not been rendered ineffective, the trial judge is not required to delve any further into the alleged conflict." *State v. Poole*, 305 N.C. 308, 311-12, 289 S.E.2d 335, 338 (1982). Furthermore, our Supreme Court "has held that a disagreement over trial tactics generally does not render the assistance of the original counsel ineffective." *Thacker*, 301 N.C. at 352, 271 S.E.2d at 255.

Defendant argues that he "articulated compelling reasons for the court to remove Page" and therefore offered "'more than broad and general statements of dissatisfaction with his attorney.'" (quoting *State v. Shubert*, 102 N.C. App. 419, 425, 402 S.E.2d 642, 646 (1991)). We disagree. It appears that the root of Defendant's complaint with Mr. Page was related to his claims that (1) the charges against him were "trumped up" and fabricated by law enforcement; (2) that he never committed any domestic violence;

and (3) that Mr. Page was refusing to give Defendant e-mails which would prove his allegations. Defendant apparently wanted Mr. Page to introduce this evidence at resentencing. Defendant's claims, however, are relevant to the guilt phase in his original trial and are therefore misplaced at resentencing. Indeed, counsel appropriately advocated for Defendant by requesting that the court consolidate his offenses, run his sentence concurrent to his other sentences, or suspend the sentence. Counsel also noted Defendant's age and lack of a criminal record. Based on the foregoing, we are satisfied that the trial court adequately inquired into the reasons for Defendant's dissatisfaction, and based on those reasons, it was apparent that assistance of counsel had not been rendered ineffective. *See Poole*, 305 N.C. at 311-12, 289 S.E.2d at 338. We therefore discern no abuse of discretion on the part of the trial court.

No error.

Chief Judge MCGEE and Judge STEPHENS concur.

Report per Rule 30(e).