HUNTER, JR., Robert N., Judge.
James Ray Arnold ("Defendant") appeals following a guilty plea to manufacturing methamphetamine, conspiracy to manufacture methamphetamine, possession of precursor chemicals, attempted trafficking by possession, and attempted trafficking by manufacturing. On appeal, Defendant contends the trial court erred in its sentence of Defendant because the indictment only alleged a Class H felony and he was sentenced for a Class C felony. We affirm.
I. Factual and Procedural Background
On 9 March 2015, an Ashe County Grand Jury indicted Defendant of the following charges: (1) manufacturing methamphetamine; (2) conspiracy to manufacture methamphetamine; (3) possession of precursor chemicals; (4) trafficking by manufacturing; and (5) trafficking by possession. On 15 April 2015, Defendant filed a motion to suppress. The Ashe County Superior Court held a hearing on Defendant's motion on 29 September 2015.
On 8 March 2016, Defendant entered an Alford plea to manufacturing methamphetamine, conspiracy to manufacture methamphetamine, possession of precursor chemicals, attempted trafficking by manufacturing, and attempted trafficking by possession. The trial court held a hearing on 8 March 2016, where the court accepted Defendant's plea. Defendant gave notice of appeal in open court. On 7 September 2016, Defendant filed a petition for a writ of certiorari and his appellant brief. On 10 October 2016, the State filed its response to Defendant's petition and a motion to dismiss Defendant's appeal.
II. Analysis
Defendant argues he is challenging his sentence and has a statutory right to appeal under N.C. Gen. Stat. § 15A-1444(a2)(3) (2016) and State v. Davis , 364 N.C. 297, 698 S.E.2d 65 (2010). Although Defendant phrases his appeal as a challenge to his sentence and rejects the State's re-framing of the issue, the argument presented to this Court throughout Defendant's briefs is "[t]he conspiracy indictment supports a sentence at only a Class H level." As such, we construe Defendant's argument on appeal as challenging the sufficiency of the indictment, and if the indictment does not charge the crime for which Defendant was sentenced, the trial court lacked jurisdiction.
"By knowingly and voluntarily pleading guilty, an accused waives all defenses other than the sufficiency of the indictment." State v. McGee , 175 N.C. App. 586, 587, 623 S.E.2d 782, 784 (2006) (citing State v. Hughes , 136 N.C. App. 92, 97, 524 S.E.2d 63, 69 (1999) ). Furthermore, where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court. Id. at 587-88, 623 S.E.2d at 784 (citing State v. Bartley , 156 N.C. App. 490, 499, 577 S.E.2d 319, 324 (2003) ). "Challenges to the sufficiency of an indictment are reviewed de novo ." State v. Brice , --- N.C. App ----, ----, 786 S.E.2d 812, 814 (2016) (citing State v. Pendergraft , 238 N.C. App. 516, 521, 767 S.E.2d 674, 679 (2014) ).
"The purpose of an indictment is to give a defendant notice of the crime for which he is being charged[.]" State v. Bowen , 139 N.C. App. 18, 24, 533 S.E.2d 248, 252 (2000). "Our Supreme Court has stated that an indictment is fatally defective when the indictment fails on the face of the record to charge an essential element of that offense." Bartley , 156 N.C. App. at 499, 577 S.E.2d at 324. "A criminal conspiracy is an agreement by two or more persons to perform an unlawful act or to perform a lawful act in an unlawful manner." State v. Rozier , 69 N.C. App. 38, 49, 316 S.E.2d 893, 900 (2984) (citing State v. Hammette , 58 N.C. App. 587, 293 S.E.2d 824 (1982) ). "[A] conspiracy indictment need not describe the subject crime with legal and technical accuracy because the charge is the crime of conspiracy and not a charge of committing the subject crime." State v. Nicholson , 78 N.C. App. 398, 401, 337 S.E.2d 654, 657 (1985) (citing State v. Blanton , 227 N.C. 517, 42 S.E.2d 663 (1947) ). The classification of the offense is a question of fact and may be stipulated. State v. Wingate , 213 N.C. App. 419, 420, 713 S.E.2d 188, 190 (2011).
N.C. Gen. Stat. § 14-2.4(a) states: "Unless a different classification is expressly stated, a person who is convicted of a conspiracy to commit a felony is guilty of a felony that is one class lower than the felony he or she conspired to commit[.]" N.C. Gen. Stat. § 14-2.4(a). However, N.C. Gen. Stat. § 90-98"expressly states" that "any person who attempts or conspires to commit any offense defined in this Article is guilty of an offense that is the same class as the offense which was the object of the attempt or conspiracy and is punishable as specified for that class of offense...." N.C. Gen. Stat. § 90-98. N.C. Gen. Stat. § 90-95(b)(1a) lays out the punishment for the substantive crime:
The manufacture of methamphetamine shall be punished as a Class C felony unless the offense was one of the following: packaging or repackaging methamphetamine, or labeling or relabeling the methamphetamine container. The offense of packaging or repacking methamphetamine, or labeling or relabeling the methamphetamine container shall be punished as a Class H felony.
N.C. Gen. Stat. § 90-95(b)(1a).
Defendant argues the indictment fails to state with particularity the type of manufacturing of methamphetamine Defendant conspired to commit. We disagree.
The indictment in 14 CRS 050561 (manufacture of methamphetamine) states:
The jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did manufacture methamphetamine, a controlled substance, which is included in Schedule II of the North Carolina Controlled Substances Act. The manufacturing consisted of producing, preparing, compounding and processing the controlled substance by means of chemical synthesis which took place in a clandestine laboratory at the defendant's residence.
The indictment in 14 CRS 50882 (felony conspiracy to manufacture methamphetamine) states:
The jurors for the State upon their oath present that on or about the 1st day of January, 2012 to on or about the 20th day of October, 2014, in the county named above the defendant named above unlawfully, willfully and feloniously did conspire with [54 names] to commit the felony of manufacture Methamphetamine, a controlled substance, which is included in Schedule II of the North Carolina Controlled Substances Act, in violation of N.C.G.S. §§§§ 90-95(a)(1), 90-95(b)(1a) 5 90-98 and 14-2.4.
The indictment charging Defendant with felony conspiracy to manufacture methamphetamine is sufficient to place Defendant on notice of the crime for which he was being charged. Bowen , 139 N.C. App. at 24, 533 S.E.2d at 252 (citation omitted). See also , State v. Pierce , 238 N.C. App. 141, 145, 766 S.E.2d 854, 857-58 (2014) (citation omitted); State v. Barnett , 223 N.C. App. 65, 68, 733 S.E.2d 95, 98 (2012) (citations omitted). We note the grand jury indicted Defendant of the underlying, substantive crime and the conspiracy at the same time. Moreover, the dates of offense listed in the conspiracy indictment (1 January 2012 to 20 October 2014) include the date of offense listed in the manufacturing indictment (24 June 2014). Thus, "when all of the indictments are taken together, there is no question" regarding the crime for which Defendant was charged. State v. Almond , 112 N.C. App. 137, 147, 435 S.E.2d 91, 98 (1993). See also State v. Lorenzo , 147 N.C. App. 728, 734-35, 556 S.E.2d 625, 628 (2001) (reviewing the conspiracy indictment and indictment for the underlying crime together when determining the sufficiency of the conspiracy indictment and noting both indictments were entered on the same day).
Defendant is incorrect in his assertion that the conspiracy indictment must state with particularity the type of manufacturing Defendant conspired to commit. Defendant alleges "[t]he indictment does not allege a Class C offense." However, the indictment need not allege a Class C offense as a conspiracy indictment "need not describe the subject crime with legal and technical accuracy...." Nicholson , 78 N.C. App. at 401, 337 S.E.2d at 657 (citation omitted). All essential elements of the crime of conspiracy to manufacture methamphetamine were included in the indictment-an agreement between Defendant and fifty-four named persons to perform the unlawful act of manufacturing methamphetamine. Thus, Defendant had notice of the crime for which he was being charged and the indictment sufficiently charges the essential elements of conspiracy to manufacture methamphetamine.
Moreover, Defendant stipulated to this class of offense. Wingate , 213 N.C. App. at 420, 713 S.E.2d at 189-90. In his plea, 14 CRS 50882 was categorized as a Class C offense. Additionally, at Defendant's plea hearing, the following exchange occurred:
THE COURT: Our Courts approve of the practice of plea arrangements sometimes referred to as plea bargains. It appears that you're pleading guilty pursuant to a plea arrangement, the terms of which are that in exchange for your guilty pleas on these charges, the State has agreed to a consolidation of them for sentencing into two judgments both would be for class C felonies?
[DEFENDANT]: Yes, sir.
Because the indictments are facially valid, the trial court had jurisdiction to enter judgment against Defendant for the crime of conspiracy to manufacture methamphetamine, a Class C felony. As such, this appeal is without merit.
III. Conclusion
For the foregoing reasons, we affirm the trial court.
AFFIRMED.
Report per Rule 30(e).
Judge DIETZ concurs.
Judge BRYANT concurs in result only without separate opinion.