BRYANT, Judge.
Where the trial court's instruction was given in conformity with the pattern jury instructions for felonious conspiracy and where the intended victim of a robbery with a dangerous weapon is not an essential element of the crime of conspiracy to commit the same, we hold that there was no error, let alone plain error, in the trial court's jury charge or in the trial court's denial of defendant's oral request for jury instructions.
On the night of 24 January 2015, Eric McCormick's roommate called him and asked if McCormick would drive his cousin from Bunnlevel to Raleigh. McCormick agreed. Accompanied by his girlfriend, McCormick drove his gold Toyota Corolla to Bunnlevel and picked up defendant and Terry Wilson at around 11:00 p.m. McCormick had never met defendant or Wilson before. Defendant and Wilson agreed to pay McCormick $45.00 for the ride to Raleigh.
Wilson asked McCormick to drive them to a hotel in Raleigh, the Sun Suites Hotel on Capital Boulevard. Once they found the room number they were looking for-Room 233-defendant and Wilson got out of the car while McCormick and his girlfriend stayed behind.
About eight to ten people, including Jacinta Collins, Rondell Smith, Devaris Middleton, and Middleton's cousin Herman, were in Room 233 when defendant and Wilson knocked on the door. The adults had been drinking, partying, and playing cards for money. Collins answered the door. Defendant and Wilson were wearing hoodies and carrying handguns.
Herman approached defendant and said "[w]e don't know you," at which point Wilson punched Herman. Smith also approached the door, and defendant fired a gunshot in Smith's direction. The bullet grazed Smith's left leg.
Wilson entered the room, waving his gun and asking, "Where is the money?" When everyone responded that there was no money, they had just been playing cards, Wilson pointed a gun at Middleton, and Middleton told him he could have the money on the table.
Detective Snowden of the Raleigh Police Department was called to the scene of the crime at the Sun Suites Hotel in the early morning hours of 25 January 2015. On the second floor, Detective Snowden found Wilson lying dead on the breezeway with a pool of blood around his head. Wilson had sustained at least two gunshots to the upper part of his body.
Detective Snowden reviewed video footage of the hotel's exterior which had been taken during the hours of 11:00 p.m. on 24 January to 3:00 a.m. on 25 January 2015. The video showed the car driven by McCormick arriving at the hotel at 2:15 a.m. and parking just a few feet away from Room 233. Wilson and Defendant are seen getting out of the car, putting their hoodies up over their heads and walking into the breezeway. About five minutes later, at around 2:20 a.m., defendant comes back around the corner, paces back and forth in the breezeway, and turns to the elevator to push the button. At that point, Wilson runs around the corner from the direction of Room 233 and collapses in the breezeway. Seconds later, defendant runs to Wilson, takes something from his clothing, and runs towards the stairwell.
Detective Snowden took out warrants, and defendant was arrested for attempted armed robbery. Defendant consented to a search of his residence and told the arresting officer that the gun used in the crime was on the top of a cabinet in the living room. Defendant also consented to a search of a dark-colored Chevy Caprice parked in the driveway, from which officers recovered a .357 Smith and Wesson revolver, various types of ammunition, and shotgun shells.
Detective Snowden interviewed defendant after his arrest. Defendant admitted he was the second suspect in the hotel surveillance video, and after further questioning, admitted that "it was his intention and Mr. Wilson's to rob the room of drugs and money.... Then [Defendant] advised it wasn't supposed to be at a hotel room.... He confirmed they were in Raleigh to do a robbery, but he thought it was going to be a drug house. Not a hotel room." Detective Snowden "then asked [Defendant] how he knew about the room, to go to the room. [Defendant] advised a guy that he met earlier in Raleigh had told them about the room. [Defendant] stated [Wilson] had said room 233 over and over and told him not to forget room 233...." Defendant told Detective Snowden that Wilson had called him earlier on Saturday to ask him to go with him to Raleigh and "admitted he knew they were in Raleigh to rob a drug house, but wasn't sure about the room until they got to the hotel door."
Defendant was indicted on eight counts of attempted robbery with a dangerous weapon ("RWDW"), conspiracy to commit RWDW, and possession of a firearm by a felon for offenses committed on or about 25 January 2015 in Wake County. The indictment for conspiracy to commit RWDW alleged that "[d]efendant conspired with Terry Wilson to commit the felony of [RWDW] against the occupants of Room 233 of the Sun Suites Hotel, 3215 Capital Boulevard, Raleigh, North Carolina."
The case came on for trial during the 11 October 2016 session of Wake County Superior Court, the Honorable Rueben F. Young, Judge presiding. At the close of the State's evidence at trial, defendant moved to dismiss the charges. The trial court dismissed one count of attempted RWDW, but denied defendant's motion as to all other charges. During the charge conference, the trial court informed the parties that it planned to give the pattern jury instructions 202.80 for felonious conspiracy as it relates to RWDW. Defendant orally requested that the trial court amend the pattern instruction to require that the jury specifically find that defendant agreed with Wilson to commit robbery with a dangerous weapon "at the Sun Suites Hotel, at room 233 in the Sun Suites Hotel." The trial court denied defendant's request.
On 17 October 2016, the jury found defendant guilty of attempted RWDW of Collins and not guilty on three counts of attempted RWDW. The jury was unable to reach a verdict as to the other three counts of attempted RWDW and possession of a firearm by a felon. Defendant was sentenced to 73 to 100 months for the attempted RWDW conviction, 29 to 47 months for the conspiracy conviction, and 14 to 26 months for possession of a firearm by a felon. Defendant appeals.
_________________________
On appeal, defendant contends the trial court should have instructed the jury that it could only find defendant guilty of conspiracy if he agreed with Wilson to rob the occupants of Room 233 of the Sun Suites Hotel. Specifically, defendant contends that because the indictment alleged that the agreement was to commit a crime against certain people at a specific location, and because a planned target constitutes an essential element of the offense of conspiracy, the trial court erred in refusing defendant's oral request to modify the pattern instruction to require the jury to find that defendant conspired to commit RWDW at the target location listed in the indictment. We disagree.
Defendant contends that this Court should not subject this issue to review under the plain error standard, as the State suggests. However, for the following reasons, we agree with the State that the appropriate standard of review for this issue-the trial court's denial of an oral request for special jury instructions-is plain error. See State v. Sanders, 171 N.C. App. 46, 51, 513 S.E.2d 708, 711-12 (2005) (citation omitted) (holding that the denial of an oral request for additional jury instructions falls within the scope of plain error review).
"At the close of the evidence or at an earlier time directed by the judge, any party may tender written instructions. A party tendering instructions must furnish copies to the other parties at the time he tenders them to the judge." N.C. Gen. Stat. § 15A-1231(a) (2015). "If special instructions are desired, they should be submitted in writing to the trial judge at or before the jury instruction conference." State v. McNeill, 346 N.C. 233, 240, 485 S.E.2d 284, 288 (1997) (citation omitted) (holding the trial court did not err in denying the defendant's oral request to modify pattern jury instructions made during the charge conference because the defendant did not submit his proposed modifications in writing). "Thus, where, as here, 'the defendant fails to submit his request for instructions in writing,' the 'trial court's ruling denying [the] requested instructions is not error....' " State v. Starr, 209 N.C. App. 106, 113, 703 S.E.2d 876, 881 (2011) (alterations in original) (citations omitted) (quoting McNeill, 346 N.C. at 240, 485 S.E.2d at 288 ), aff'd as modified by 365 N.C. 314, 718 S.E.2d 362 (2011).
In McNeill, which defendant contends is inapposite to the instant case, the defendant (convicted of first-degree murder and first-degree burglary, see 346 N.C. at 235-36, 485 S.E.2d at 286 ) argued on appeal that the trial court erred in denying his oral request to modify the pattern instruction for premeditation and deliberation. Id. at 238-39, 485 S.E.2d at 287-88. This Court disagreed and stated as follows:
We note initially that defendant's proposed instructions were tantamount to a request for special instructions. Section 15A-1231 provides for conferences on jury instructions and states that "any party may tender written instructions." N.C.G.S. § 15A-1231(a) (1988). Rule 21 of the General Rules of Practice for the Superior and District Courts also pertains to jury instruction conferences and directs, "If special instructions are desired, they should be submitted in writing to the trial judge at or before the jury instruction conference." This Court has held that a trial court's ruling denying requested instructions is not error where the defendant fails to submit his request for instructions in writing. State v. Martin, 322 N.C. 229, 237, 367 S.E.2d 618, 623 (1988). Defendant here did not submit either of his proposed modifications in writing, and therefore it was not error for the trial court to fail to charge as requested.
Id. at 240, 485 S.E.2d at 288 (emphasis added).
In the instant case, defendant's oral jury instruction request, like the defendant's oral request in McNeill, was "tantamount to a request for [a] special instruction[ ]." Id. As defendant notes, the charge at issue was felonious conspiracy to commit RWDW, and no pattern instruction for that specific offense exists. But see N.C.P.I. Crim. 202.89 (pattern jury instruction for felonious conspiracy in general). As a result, any request-oral or written[1] -for an instruction which states that to find defendant guilty of felony conspiracy to commit RWDW, the jury had to find that he specifically conspired to rob "the occupants of Room 233 of the Sun Suites Hotel," is by definition a special instruction. See id. Accordingly, based on McNeill, we conclude that because defendant's jury instruction request, was "tantamount to a request for [a] special instruction[ ]," 346 N.C. at 240, 485 S.E.2d at 288, we review defendant's appeal of this issue for plain error only.
"In deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983) (citation omitted).
With regard to the merits of defendant's argument on this issue, defendant made an oral request for modification to the jury instructions during the charge conference based on the fact that because the identity of the victim is an essential element of RWDW, the identity of an intended victim is also a required element of the crime of conspiracy to commit RWDW:
[I]n regards to ... where it says If you find from the evidence alleged beyond a reasonable doubt that on or about the alleged date the defendant agreed with Terry Wilson to commit robbery with a dangerous weapon.
Your Honor, we would ask that that be amended to commit robbery with a deadly weapon at the Sun Suites Hotel, at room 233 in the Sun Suites Hotel....
The trial court, however, found "that the exact location of where this occurred is not an essential element of the offense and thus [would] not amend the jury instruction to reflect that." The trial court then instructed in relevant part as follows:
If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant agreed with Terry Wilson to commit robbery with a dangerous weapon and that the defendant and that person intended at the time the agreement was made that it would be carried out, it would be your duty to return a verdict of guilty.
To charge a conspiracy, the indictment "need not describe the subject crime with legal and technical accuracy because the charge is the crime of conspiracy and not a charge of committing the subject crime." State v. Nicholson, 78 N.C. App. 398, 401, 337 S.E.2d 654, 657 (1985) (citation omitted). "Since the conspiracy is the crime, and not its execution, no overt act is necessary to complete the offense." Id.(citation omitted); see State v. Roberts, 176 N.C. App. 159, 167, 625 S.E.2d 846, 852 (2006) (upholding the defendant's conviction of conspiracy to commit RWDW where "[t]here was no evidence that the agreement ... consisted of more than that of robbing someone on that night"); State v. Lorenzo, 147 N.C. App. 728, 734, 556 S.E.2d 625, 628 (2001) (noting that "an indictment for conspiracy to sell or deliver a controlled substance need not name the person to whom the defendant conspired to sell or deliver" (citation omitted)).[2]
Where the intended victim of a RWDW is not an essential element of the crime of conspiracy to commit RWDW, and because the trial court's instruction was given in conformity with the pattern jury instructions for felonious conspiracy, we hold there was no error, let alone plain error, in the trial court's jury charge and the trial court did not commit plain error in denying defendant's oral request for special jury instructions. Defendant's argument is overruled.
NO ERROR.
Report per Rule 30(e).
Judges MURPHY and ARROWOOD concur.

Notably, defendant did submit a written request for jury instructions on the issue of withdrawal from the conspiracy and withdrawal "from the commission of ... Attempted Robbery with a firearm[.]" The written request was denied.

An unpublished opinion of this Court previously held that "the intended victim of the RWDW is not an essential element of the crime of conspiracy to commit RWDW." State v. Wilson, NO. COA15-707, 2016 WL 48152, at *3 (N.C. Ct. App. Jan. 5, 2016) (unpublished) (emphasis added).